## Follweiler's Estate.

*Decedents' estates — Wills — Uniform Declaratory Judgments Act of June 18, 1923.*

The testator bequeathed the residue of an estate to a trustee in trust for his grandson, directing the trustee to pay one-sixth of the amount in hand every six years to said grandson, and in case of his death before arriving at twenty-one years or before he had exhausted the funds, without leaving child or children to survive him, then the balance to a cemetery association and an orphans' home. On a petition asking for a construction of said bequest, presented under the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840: *Held*, that, as this matter could be adjudicated on the audit of the executors' account, the petition should be dismissed.

Petition for declaratory decree. O. C. Lehigh Co., File No. 18396.

*E. C. Nagle*, for petitioner; *Butz & Rupp*, for trustee.

*George M. Lutz*, for cemetery association.

IOBST, J., Dec. 22, 1924.—This petition is presented under the Act of June 18, 1923, P. L. 840, entitled "An act concerning declaratory judgments and decrees and to make uniform the law relating thereto."

The petition in brief recites the following facts: That D. W. W. Follweiler died in Lehigh County on Jan. 3, 1924, testate; that his will was duly probated in the office of the register of wills of this county; that the executors, under the authority of the will, converted the entire estate into money, having in hand a balance amounting to $26,321.89, but have not as yet filed their account; that, under the terms of the will, the balance in their hands is bequeathed unto the Lehigh Valley Trust Company of Allentown, Pennsylvania, in trust for the grandson of the testator, Alfred D. Follweiler; that the said trustee is directed to pay one-sixth of the amount in its hands every six years to the said Alfred D. Follweiler, and in case of the death of Alfred D. Follweiler before he arrives at the age of twenty-one years or before he has exhausted the funds in the hands of the trustee, without leaving child or children to survive him, then the balance is bequeathed to a cemetery association and an orphans' home; that Alfred D. Follweiler is now twenty-one years of age and unmarried; that the only parties interested in testator's will are the Lehigh Valley Trust Company, named as trustee, and the Jacksonville Cemetery of Jacksonville, Pa., and the Bethany Orphans' Home at Womelsdorf, Pa.

The prayer of the petition asks the court to construe the bequest to the petitioner, Alfred D. Follweiler, and to determine whether or not Alfred D. Follweiler is entitled to the entire fund in the hands of the executors, and not in trust.

The first section of the act empowers courts of record, within their respective jurisdictions, to declare rights, status and other legal relations, whether or not further relief is or could be claimed, and declares that "such declarations shall have the force and effect of a final judgment or decree." Section 4 of the act provides that "Any person interested, as or through an executor, administrator, trustee, guardian or other fiduciary, creditor, devisee, legatee, heir, next of kin or *cestui que trust* in the administration of a trust or of the estate of a decedent, an infant, lunatic or insolvent may have a declaration of rights or legal relations in respect thereto: (*a*) To ascertain any class of creditors, devisees, legatees, heirs, next of kin or others; or (*b*) to direct the executors, administrators or trustees to do or abstain from doing any particular act in their fiduciary capacity; or (*c*) to determine any question arising in the administration of the estate or trust, including construction of wills or other writings."

The act is declared to be remedial and to provide a method of affording relief from uncertainty and insecurity with respect to rights, status and other legal relations and is to be liberally construed and administered with discretionary power in the court to refuse to render or enter a declaratory judgment or decree under certain conditions.

It is well said by Gest, J., in Duff's Estate, 4 D. & C. 315, 316: "The Uniform Declaratory Judgments Act is an innovation in our jurisprudence, as heretofore it has always been considered requisite in our legal procedure that the courts shall be called upon to decide only those questions which arise in actual litigation."

While this act considerably widens the powers of courts in this Commonwealth in their respective jurisdictions, nevertheless, we must still maintain, as a principle of long standing which this act cannot disturb, "that questions will not be adjudicated unless in so doing the rights of the parties can be fixed and enforced by proper final process. It is only real controversies which courts will decide, not imaginary ones. Courts are instituted not alone to render but also to enforce their judgments. It would be a vain thing to render a judgment that in the very nature of things could not be enforced:" 97 So. Repr. 676; 257 S. W. Repr. 353; 121 N. Y. 45.

Under this act it would, no doubt, devolve upon us at this time, and in a proceeding such as was instituted here, to construe this will and to ascertain and declare the rights of Alfred D. Follweiler under it, but can we go further and say what disposition should be made of a fund which is not now in court? To declare his rights and at the same time to direct the disposal of the fund, as would inevitably follow, would be binding on no one. What protection would be afforded to the trustee were it to pay out the fund in pursuance of the declared rights of Alfred D. Follweiler, and by what authority could we enforce such a declaration of rights? What would estop any child not now in being but that might be born to Alfred D. Follweiler from bringing an action against the trustee in the event that Alfred D. Follweiler died before the fund was exhausted, the right of the child being antagonistic to those of the parent and its rights to the fund not being derived by inheritance from the father, but under the will of D. W. W. Follweiler?

The safer and more judicious process would be to have the executors file their account and then ask for an audit to distribute the balance in their

hands in accordance with the terms of the will of the testator. The matter will then be properly in court; the auditor can then legally distribute the fund, and the court, if exceptions are filed thereto, can render a final judgment that would be binding on all parties in interest. In Tyson's Estate, 191 Pa. 218, cited in Morton's Estate, 201 Pa. 269, it was said: "It is quite true that the courts of Pennsylvania have no jurisdiction to declare the construction of a will and rights under it by way of advice in limine and without adverse litigants actually before them. It is not desirable that they should have. Notwithstanding some convenience, as remarked by Sharswood, J., in Willard's Appeal, 65 Pa. 265, such practice would be contrary to the whole fundamental theory of our law under which courts do not advise but decide, and for decision there must be an actual contest. No man and no court can foresee the state of facts that may occur in the future and ex facto oritur jus. In no class of cases is this truer than in those arising under wills. It is the unexpected, the condition of facts unforeseen and, therefore, unprovided for, that give rise to most of such litigation. And no judge can have failed to observe, not only in will cases, but in all others, how the knowledge and self-interest of parties actually contending for success conduces to precision and accuracy in the judicial result."

The Act of 1923 itself declares its purpose to be remedial; that is to say, it evidently provides a method affording some remedy, where none heretofore existed, that may avoid the laws' delays by litigation and yet be safe and not costly to those who are seeking declaratory relief. But such remedy is not necessary in the instant case. This matter can easily and speedily and without great cost be disposed of in the manner above indicated, to wit, by the filing of the account and an audit.

We will, therefore, dismiss the petition without prejudice.

From Edwin L. Kohler, Allentown, Pa.