## Breyer's Estate

Before Lamorelle, P. J., and Gest, Henderson, Van Dusen, and Sinkler, JJ.

The facts appear from the adjudication of

LAMORELLE, P. J., auditing judge.—By deed of trust, dated January 2, 1924, Henry W. Breyer assigned and transferred to Liberty Title & Trust Company certain bonds of the City of Philadelphia, in trust to pay the net income thereof to his sister, Minnie B. Cade, for life, etc. The trust instrument provides that the trust thereby created "shall be irrevocable and binding" upon the grantor and his heirs, executors, administrators, and assigns.

It is alleged that on June 21, 1928, the said Henry W. Breyer also transferred $100,000 par value 7 percent preferred stock of National Dairy Products Corporation to enlarge the trust estate created by the deed of trust dated January 2, 1924; and that said stock was to be held in trust, subject to all the terms and conditions of said indenture dated January 2, 1924, the same as if it had been originally transferred to said trustee, provided, however, that the trust could be "canceled, annulled, and revoked at any time by me, by my wife, Edith S. Breyer, or by Henry W. Breyer, Jr., when in the judgment of any one or more of us, evidenced by a letter written by any one or more of us to you, that on account of the conduct of the said Minnie B. Cade any one or more of us are of the opinion that her rights in the above-mentioned $100,000 par value 7 percent preferred stock of National Dairy Products Corporation should be canceled and annulled, and if and when said trust is so terminated the said $100,000 par value 7 percent preferred stock of National Dairy Products Corporation, together with any accumulations thereon or additions thereto, shall be transferred and delivered to my wife, Edith S. Breyer, if she is alive," etc.

The petitioner avers that on December 3, 1932, the trust was terminated by a letter addressed to Liberty Title & Trust Company by Henry W. Breyer, Jr. A copy of said letter is incorporated in the petition for distribution.

The auditing judge is asked to terminate the trust and to award the said Minnie B. Cade all income to December 3, 1932, and to Edith S. Breyer the principal.

The petitioner avers that this is the first account filed under the deed of trust; that no other court has heretofore taken jurisdiction of any matter relating to the trust, and that the situs of said trust is in the County of Philadelphia.

The auditing judge declined to audit the account because in his opinion the Act of June 26, 1931, P. L. 1384, which extends the jurisdiction of the orphans' court to "the control, removal, discharge, and settlement of accounts of trustees of trusts inter vivos" was intended to apply to trusts created after the passage of the act; and on the authority of Baker's Estate, 17 D. & C. 7, held that it was not intended to confer jurisdiction where the trust was created prior to its passage. An exception to the ruling of the auditing judge was taken by counsel for Edith S. Breyer and allowed by the auditing judge. He now rules that he has no jurisdiction to audit the account. This adjudication is written in order to afford counsel for the said Edith S. Breyer an opportunity to file exceptions hereto, and to have the same argued before the court in banc.

*John C. Gilpin,* for exceptant.

*Augustin R. Repetto* and *John G. Kaufman,* contra.

GEST, J., January 26, 1934.—On June 21, 1928, Henry W. Breyer assigned and transferred to Liberty Title & Trust Company $100,000 par value 7 percent preferred stock of National Dairy Products Corporation, in trust for certain purposes which need not be recited, and the trustee has filed its account of the trust property.

The auditing judge was of opinion that the Act of June 26, 1931, P. L. 1384, which enlarged the jurisdiction of the orphans' court so as to include trusts inter vivos, did not apply to trusts created prior to the passage of the act, and filed his adjudication withholding confirmation of the account, in order that these exceptions to his ruling might be argued before the court in banc.

We observe in the beginning that the court of common pleas has not heretofore exercised jurisdiction over the trustee or the trust estate, so that the case is not like Breyer's Estate, 19 D. & C. 255 (another trust made by the same settlor), where a bill in equity had been filed in the common pleas concerning

the trust. We there held that the court of common pleas and the orphans' court have concurrent jurisdiction and that the court which has first acquired jurisdiction retains it to the exclusion of the other, as in cases of partition.

In our opinion, the jurisdiction of this court extends to trusts inter vivos created before the passage of the Act of June 26, 1931. No rights are impaired, nor is the remedy changed; a different tribunal merely is given authority to declare the rights of the parties and enforce the remedy. The question is one of procedure only. The general rule is undoubtedly that statutes relating thereto take effect on their passage, and it was so held by us in Girard's Estate, 29 Dist. R. 62.

In Heinz's Estate, 313 Pa. 6, the deed inter vivos was executed in 1929, and an account was filed by the trustee in the orphans' court. The disputed question in the case concerned the Act of March 5, 1925, P. L. 23, providing for the preliminary determination of questions of jurisdiction in any proceeding at law or in equity, the question of jurisdiction raised in the case being one relative to statutory notice under the Orphans' Court Act of June 7, 1917, P. L. 363, sec. 17 (d). Mr. Justice Simpson, however, stated, without discussion, that the settlement of the account of the trustee was subject to the jurisdiction of the orphans' court under the Act of June 26, 1931.

The exceptions are therefore sustained and the account is recommitted to the auditing judge for further proceedings.