## Schoble Trust Estate.

Argued January 5, 1943. Before MAXEY, C. J.; DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Thomas S. Lanard,* for appellant.

*Lloyd J. Schumacker,* of *Cohan & Schumacker,* for appellee.

OPINION BY MR. JUSTICE LINN, January 29, 1943:

The appellant, Ralph T. Schoble, and his wife, executed a separation agreement on March 31, 1939. At that time the appellant was one of the beneficiaries of a deed of trust, dated March 3, 1927, executed and delivered in Philadelphia, of which the Fidelity-Philadelphia Trust Company, of Philadelphia, is trustee,[1] and which, for convenience, is hereafter referred to as the

---

[1] The settlors were "Mrs. Josephine C. Schoble, wife of Frank Schoble and Frank Schoble, Jr., C. E. Schoble, LeRoy Schoble, Clara Schoble Powell and Ralph Schoble, sons and daughter of said Frank and Josephine C. Schoble, parties of the first part, . . ."

Schoble family trust. On April 1, 1939, the day after the execution of the separation agreement and apparently to aid in carrying out its terms, appellant executed another instrument assigning to Hame Corporation, formed under the laws of Delaware, a part of the income payable to him under the Schoble family trust. Appellant assigned these benefits to the Hame Corporation in trust to pay [2] the income to his wife and for the benefit of their children.

February 14, 1941, appellant directed the trustee, Fidelity-Philadelphia Trust Company, to cease payments under his assignment to the Hame Corporation and to make them to him under the Schoble family trust.[3]

All individual parties reside in the suburbs of Philadelphia.

December 3, 1941, appellant's wife, for herself and minor children, began the present proceeding by peti-

---

[2] "(A) to pay over the income under paragraph 1 above to Helen B. Schoble, of . . . Wynnewood, . . . Pennsylvania, Wife of assignor herein, for the support and maintenance of herself and Cynthia Anne Schoble and Helen Bisbee Schoble, children of assignor herein, . . .

"(b) To pay to Wife of the income provided under paragraph 2 above the sum of $75.00 a month for her support . . . and to pay over for the support of each of the above named children the sum of $37.50 a month . . .

"(c) To invest and keep invested in what are commonly known as legal investments under the laws of the Commonwealth of Pennsylvania, now or hereafter made, any of the income received as provided by paragraph 2 above, and not paid over under the provisions of 'b' above."

The third paragraph imposed spendthrift trust provisions.

[3] "This is to advise that, notwithstanding any papers you may now hold which purport to give authority for so doing, it is my desire to be no longer bound by the alleged assignments, due to certain changes and conditions, which, in my opinion, make these alleged papers no longer valid and binding on me. I shall, therefore, expect you to pay to me such sums as are now, or which may become, due under the indenture of March 3, 1927. In the event of your failure to pay me, you will be held accountable to me for your failure to do so."

tion for citation directed to her husband ". . . to show cause why Hame Corporation should not be discharged from its office as Trustee, conditioned upon the absolute confirmation of its account in due course and the transfer and delivery of the assets of the estate in accordance with the adjudication thereof, and further to show cause why the Land Title Bank and Trust Company should not be appointed Substituted Trustee under the said Indenture of Trust of April 1, 1939."

Appellant was served in Philadelphia County; jurisdiction over him was therefore acquired: *Degan v. Kiernan,* 326 Pa. 397, 192 A. 404. Hame Corporation appeared voluntarily, in consequence of which jurisdiction over it was acquired: see *Delco Ice Mfg. Co. v. Frick Co.,* 318 Pa. 337, 345, 178 A. 135; *Mazzoleni v. Transamerica Corp.,* 313 Pa. 317, 169 A. 127; Restatement, Conflict of Laws, section 90; 1 Beale, Conflict of Laws, p. 391, section 90.1. It presented its resignation as trustee and submitted itself to the order of the court. The Land Title Bank and Trust Company appeared and agreed to accept the appointment as substituted trustee. Appellant appeared specially for the purpose of denying the jurisdiction of the court "over the persons and the subject matter in said case." The court overruled his objections and directed him to answer. He answered on the merits but repeated in his answer that he appeared specially and again asked that the petition "be dismissed for want of jurisdiction over the person of the respondent and the alleged Trust inter vivos." The rules of the Orphans' Court do not authorize such reservation in answering on the merits. After hearing on petition, answer and stipulation of facts, the court granted the petition, appointed the Land Title Bank and Trust Company in place of Hame Corporation, which had resigned, and directed the retiring trustee to account, etc. Mr. Schoble appeals from that order and contends that the court lacked jurisdiction (1) over him and (2) over the subject matter of the suit.

1. Appellant was served and after his jurisdictional objection was properly decided against him, answered on the merits; such an answer is inconsistent with a special appearance for a limited purpose and is treated as a general appearance: *Thomas v. Thomas,* 112 Pa. Superior Ct. 578, 584, 172 A. 36; the first objection therefore fails.

2. The second objection is also without merit. Appellant's position can perhaps best be stated by quoting from his brief a question in which he includes the bases of his contention. "May the Orphans' Court of Philadelphia County assume jurisdiction of an inter vivos trust where the trustee, a corporation, and its principal officers, and the settlor, and the cestue que trust all resided outside the County of Philadelphia at the date when the trust began and have continued to reside outside the County of Philadelphia since that date?"

The Orphans' Court Act of 1917, P. L. 363, was supplemented June 26, 1931, P. L. 1384, 20 PS section 2253a, by an extension of its jurisdiction "To embrace . . . (n) The control, removal, discharge, and settlement of accounts of trustees of trusts inter vivos." Section 9, thus amended, contained a provision applying to the whole section "And such jurisdiction shall be exercised under the limitations and in the manner provided by law." The appellant points to that provision and then refers to the Act[4] of June 14, 1836, P. L. 628, section 15, 20 PS section 2741, conferring jurisdiction of trusts inter vivos on the ". . . common pleas of the county in which any such trustee shall have resided at the commencement of the trust, or, if such trustee be a corporation in which such corporation is situate, or in which its principal officers shall have resided . . ." and contends that such restriction of the jurisdiction of the common pleas must be taken to apply to the Orphans' Court because of the use of the words "And such juris-

---

[4] The purpose of this provision of the Act of 1836 was stated in *Whitney's Appeal,* 22 Pa. 500, 507.

diction shall be exercised under the limitations and in the manner provided by law." He contends that the Orphans' Court has jurisdiction only if the trustee corporation "is situate" in the county or if "its principal officers" reside in the county. The legislature did not intend such restriction as other provisions in section 17 show; the words at the end of section 9 were not a new provision in the Act of 1917, supra; they were in the Orphans' Court Act of 1836, P. L. 792. Section 17 of the Orphans' Court Act itself provides how service shall be made to obtain the appearance of parties amenable to its jurisdiction and for proceedings in default of appearance. The provision is not limited to the county of the trustee's residence. In paragraph (d), 17 PS section 2334, it was provided that such service may be made ". . . anywhere within this Commonwealth; and if such party resides outside the Commonwealth and his place of residence is known, and the proceeding concerns property situate within the Commonwealth, the court may, in its discretion, authorize service to be made on such party personally wherever found, or by registered mail, or may direct notice to be given by publication in such manner as shall appear to the court to be reasonable and proper, according to general rules adopted by the court, or special orders made by the court in particular cases." See *Heinz's Estate,* 313 Pa. 6, 169 A. 365. The amendment of 1931, supra, extended the jurisdiction, to be exercised as provided in the Act, to "The control, removal, discharge, and settlement of accounts of trustees of trusts inter vivos." So far, then, as the subject matter of the suit is a trust *inter vivos,* there is no doubt of the jurisdiction; the legislature has conferred it. Examining the subject matter more closely, it appears that appellant's assignment of income from the Schoble family trust, was of property in Pennsylvania, created by a trust seated in Pennsylvania. Appellant contends that, as the assignee trustee was a Delaware corporation, the Orphans' Court had no power to bring it into this state. The corporation is

referred to in the briefs as the Bisbee family corporation. The petition avers, "The stockholders of said Corporation are comprised of the family of E. C. Bisbee, the father of your petitioner, and said E. C. Bisbee is president of said Hame Corporation. The principal business of said Hame Corporation is the holding of certain assets for the benefit of the said family of the said E. C. Bisbee, . . ." All the stockholders reside in the suburbs of Philadelphia, though it maintained no place of business in Pennsylvania. The stipulation of facts shows that the president of the corporation was also an officer of Bisbee Linseed Oil Corporation which maintained an office in Philadelphia and that the trustee of the Schoble family trust paid to Hame Corporation the income assigned by appellant by checks drawn on a Philadelphia bank and sent them to the President, Bisbee, at his office in Philadelphia. He then deposited them in a Wilmington bank to the credit of Hame Corporation. The record does not show how or from where the Hame Corporation paid appellant's wife and children. The Hame Corporation, if the trustee required it, could only receive the assigned income by coming into this county for it, and if, in the administration of the Schoble family trust, any question arose in the disposition of which the Hame Corporation was a necessary party, section 17, paragraph d, of the Act of 1917, supra, provided for service out of the state and for proceedings in default of appearance. It would seem that appellant precipitated just such a situation when he notified the Fidelity-Philadelphia Trust Company, trustee, that he repudiated his assignment of income and demanded payment to him, etc. The trustee, or anyone interested, might then have proceeded in the Orphans' Court of Philadelphia County for a determination of the rights of the parties and in that proceeding might have required the appearance of the Delaware corporation in the manner provided by section 17 (d), supra.

While these considerations are mentioned as indicating the propriety of the proceeding in the court below,

the foreign corporation raises no question. As it is not a party to litigation with respect to these trusts elsewhere, no question of comity is presented: compare *Laughlin v. Solomon,* 180 Pa. 177, 36 A. 704; *Cronin's Case,* 326 Pa. 343, 192 A. 397; *Thompson v. Fitzgerald,* 329 Pa. 497, 198 A. 58. It has appeared voluntarily and, doubtless not wishing to be involved in litigation growing out of appellant's repudiation of his assignment, it has presented its resignation and submitted itself to the order of the court. The effect of its appearance was merely to give jurisdiction over the person. Jurisdiction over the subject matter came from the statute.

It is no objection that in some circumstances courts will not take jurisdiction of a foreign corporation or of a non-resident. The term subject-matter includes the nature of the cause of action and of the relief sought: *Mid-City Bank & Trust Co. v. Myers,* 343 Pa. 465, 469, 23 A. 2d 420. On this record, the subject-matter is the trust *inter vivos* of property in this state assigned to the trustee and payable from another trust *inter vivos* seated in Philadelphia County; it is personal property. By paragraph 2 (c) of the assignment the trustee was directed to invest income, if any, not distributed under clause 2 (b), in ". . . legal investments under the laws of the Commonwealth of Pennsylvania." The relief sought is the safekeeping of the trust res and its proper administration; the record does not show whether there is any undistributed income in the custody of the Delaware trustee, but it is clear that there is such income in the Schoble family trust now awaiting distribution. There is, therefore, a *res* in this County to be disposed of to such trustee as the court below may designate pursuant to the statute conferring ". . . control, removal, discharge, and settlement of accounts of trustees of trusts inter vivos." The proceeding is in rem: *Thompson v. Fitzgerald,* 329 Pa. 497, 507, 198 A. 58; *U. S. v. Bank of New York Co.,* 296 U. S. 463, 478; *Jones v. Jones,* 344 Pa. 310, 25 A. 2d 327. While the general rule

is that such an *inter vivos* trust will be ". . . administered by the trustee according to the law of the state where the instrument creating the trust locates . . ." its administration (Restatement, Conflict of Laws, section 297) appellant's assignment may perhaps be not wholly free from doubt on that point. If we consider the domicil of the appellant assignor; the domicil of the beneficiaries; the facts that the assignment was executed and delivered in Pennsylvania; that it was of an interest in a trust seated in Pennsylvania; that if undistributed income should be invested, the trustee was restricted to investments legal by Pennsylvania law; that, except for that contingency, the only duty of the trustee was to distribute the income received from the Schoble family trust, we think the learned court below was amply justified in making the order appealed from. See, generally, 2 *Beale, Conflict of Laws,* section 297.2; *Beale, Living Trusts of Movables In the Conflict of Laws,* 45 Harv. L. Rev. 972; *Swabenland, The Conflict of Laws in Administration of Express Trusts of Personal Property,* 45 Yale L. J. 438, 441, et seq.

Decree affirmed, costs to be paid by appellant.

DISSENTING OPINION BY MR. JUSTICE HORACE STERN:

I cannot assent to this decision. The trustee is domiciled in Delaware, and what is more important, the trust is administered there. The "seat" of the trust is in Delaware where the settlor placed it. The mere fact that its income is derived from a debtor (another trust) in Pennsylvania certainly does not give Pennsylvania jurisdiction over *this* trust. An individual may subject himself to any jurisdiction, but I do not think a trustee can confer jurisdiction over the *trust res* on any State he may choose for the purpose; otherwise, instead of a trust having a definite domicile, its jurisdictional situs could be changed at the will or whim of the trustee and, as in this case, against the wishes of the settlor.

I therefore dissent.

Mr. Justice DREW joins in this dissent.