## Rockwell Trust

John O. Platt, Jr. and Barnes, Dechert, Price, Myers & Rhoads, for accountant.

MacElree, P. J. July 21, 1956.—Decedent, Eckley W. Rockwell, died January 14, 1919, leaving a last will and testament dated the 4th day of March, 1918, which was duly probated in the office of the Register of Wills for the District of Columbia and upon which letters testamentary were granted March 15, 1920.

By the terms of her will, incorporated herein by reference thereto, the said Eckley W. Rockwell gave the residue of her estate to her son, Charles K. Rockwell, in trust to pay the income to her daughter, Helen Stuart Rockwell, for her life or until her marriage, and then to pay the income to testatrix' issue, per stirpes, until the death of Helen Stuart Rockwell and until the children of her deceased son, James V. Rockwell, reached 21. At that time, the trust is to terminate and the principal is to be divided equally "among my heirs at law living at the time of such distribution, according to the statutes then in force in the state or district wherein my property shall be located, according to the character of the property, whether real or personal."

Helen Stuart Rockwell is still alive and has never married. All of the children of James V. Rockwell are now of age.

At the time of her death, decedent was a resident of the District of Columbia, and letters testamentary were granted to Charles K. Rockwell by the Register of Wills in the District of Columbia on March 24, 1920. The executor's account was filed in the Supreme Court of the District of Columbia on April 19, 1921, and approved May 4, 1921. While that account showed liabilities exceeding the assets of the residuary estate, between 1921 and 1928 the trustee made contributions to principal in the amount of $6,995.71, in discharge of the estate's obligations.

At the time of decedent's death, the trustee, Charles K. Rockwell, was domiciled in Philadelphia, and he

still has his domicile in this State. The trustee's present residence is at "Far Valley Farm," Valley Road, Paoli, Williston Township, Chester County.

The life tenant, Helen Stuart Rockwell, has duly executed a joinder and waiver of income accounting and approval of the account for adjudication as to all items of charge and discharge and further requests the court to approve it.

The reason or purpose of the filing of the account is to subject this trust to the jurisdiction of this court.

The sole question requiring adjudication is whether the Orphans' Court of Chester County has jurisdiction over this trust.

The Orphans' Court Act of August 10, 1951, P. L. 1163, gives the several orphans' courts exclusive jurisdiction over all testamentary trusts "except . . . (those) . . . created before the effective date of the Fiduciaries Act of 1917, jurisdiction of which already has been acquired by another *Pennsylvania* court." (Italics supplied).

Section 306 of the same act prescribes the venue for proceedings in the orphans' courts. The proper forum under that section is the county where at the time being is the situs of the trust. Section 307 defines the situs of a testamentary trust as follows:

"The situs of a testamentary trust shall be in the county where letters were granted to the personal representative, and in the absence of such letters, then in a county where such letters could have been granted, and if no such letters could have been granted, then *in a county in which any trustee resides* or is located." (Italics supplied.)

These provisions indicate that the jurisdiction over testamentary trusts vested in the orphans' courts is not confined to testamentary trusts created by Pennsylvania decedents or created by decedents owning property in Pennsylvania. Both these situations would be

covered by the first and second alternatives of section 307. Obviously then, the third provision, locating a testamentary trust "in a county in which any trustee resides or is located" extends the definition of the situs of a testamentary trust to allow an orphans' court to take jurisdiction over a testamentary trust created by a decedent domiciled outside of Pennsylvania and with no assets in Pennsylvania. Jurisdiction as to this latter group is vested in the orphans' court of the county in which the trustee resides.

The Orphans' Court Act of August 10, 1951, rejects the concept that a trust has a fixed situs which cannot be changed for the purpose of convenience of administration. Section 309 of the act allows a Pennsylvania orphans' court to make an order transferring jurisdiction over a testamentary trust to any other court either within or without the Commonwealth:

"A court having jurisdiction of a testamentary or inter vivos trust, on application of a trustee or of any party in interest, after such notice to all parties in interest as it shall direct and aided if necessary by the report of a master, and after such accounting and such provision to insure the proper payment of all taxes to the Commonwealth and any political subdivision thereof as the court shall require, may direct, notwithstanding any of the other provisions of this act, that the situs of the trust shall be changed to any other place within or without the Commonwealth if the court shall find the change necessary or desirable for the proper administration of the trust. Upon such change of situs becoming effective by the assumption of jurisdiction by another court, the jurisdiction of the court as to the trust shall cease and thereupon the situs of the trust for all purposes shall be as directed by the Court."

The commissioners' comment to that section shows clearly that the draftsmen of the act recognized that

altered circumstances might make it desirable and even necessary to transfer the situs of a testamentary trust for administrative purposes.

It is true that section 303 attempts to preserve traditional rules of conflict of laws by providing:

"Nothing contained in this act shall be construed to interfere with the rules of law applicable to the determination of the question whether Pennsylvania courts have jurisdiction of the subject matters enumerated in this act."

However, traditional rules of conflict of laws do not prevent assumptions of jurisdiction in this case. Section 299 of the Restatement of Conflict of Laws provides:

"The administration of a trust of movables is supervised by the courts of that state only in which the administration of the trust is located."

Comment *b.* to section 298 states:

"In the case of a testamentary trust, however, it may appear that the trust is located in another state than that of the testator's domicil."

While section 298 speaks chiefly in terms of the testator's intent, comment *b.* is broad enough to cover changes in the situs of a testamentary trust resulting from other factors. Where the trustee and the trust fund are no longer to be found at the testator's domicile, and where the court of the domicile has not expressly retained jurisdiction to supervise the administration of the trust, there is no basis for the courts of the domicile to exercise jurisdiction. Land, Trusts in the Conflict of Laws §257 (1940), states:

"In those cases in which both the trust property and the trustee are before the court, it of course has jurisdiction to pass on the case.

"If, on the other hand, neither the trust property nor the trustee is subject to the judicial jurisdiction of the state, the court has no jurisdiction over the trust,

even though the trust instrument attempts to give it such jurisdiction."

In Farmers' Loan & Trust Co. v. Ferris, 73 N. Y. Supp. 475, the court said:

"At the outset the jurisdiction of the courts of this state over the subject-matter of the litigation is challenged. . . . As already stated, the trustee is a domestic corporation, and the fund is within this state. . . . The courts of South Carolina cannot obtain jurisdiction over the plaintiff except by its voluntary appearance. The trust fund and its administration being here, the trustee being a corporation of this state, and the court having obtained jurisdiction of the parties, it may properly exercise jurisdiction, and direct how the fund shall be distributed; and its decree, when complied with by the plaintiff, will relieve it from further liability": 73 N. Y. Supp. 475 at 477-478.

The Supreme Court of Pennsylvania has recognized that if the trustee and the trust res are within the Commonwealth the orphans' courts have jurisdiction over the trust: Cronin's Case, 326 Pa. 343. In that case the court expressly recognized that Pennsylvania courts had jurisdiction but refused to exercise that jurisdiction for reasons of comity, since it appeared that New York had retained jurisdiction over the trust in awarding the fund to the trustee and since an accounting was pending in the New York court.

In the present case the trustee, the trust fund and all the beneficiaries presently in existence are before the court. No other court has exercised jurisdiction over this trust. The Supreme Court of the District of Columbia in confirming the account of the executor under the will of Eckley W. Rockwell, deceased, awarded the trust fund to Charles K. Rockwell as trustee, without requiring him to post bond (although the will does not excuse his posting bond as trustee) and without requiring him to designate an agent in

the District of Columbia to accept service of process on him in matters relating to the administration of the trust. This trust was never before any other court. There is consequently no reason for either the courts of the District of Columbia or the courts of Indiana to assume jurisdiction. Furthermore, there is no way in which the courts of these jurisdictions could obtain jurisdiction if they desired to exercise it; all of the operative factors are now in Pennsylvania.

A somewhat similar situation has arisen in Pennsylvania involving an inter vivos trust. In Schoble Trust Estate, 346 Pa. 318, the Supreme Court approved the action of the Orphans' Court of Philadelphia County (reported at 43 D. & C. 459 and 45 D. & C. 65) in taking jurisdiction over an inter vivos trust administered by a foreign corporate trustee not qualified to do business in Pennsylvania and appointing a Philadelphia trust company as substituted trustee. Among the factors relied upon by the court was the fact that the trust res was located in Philadelphia County, the fact that no other court had previously exercised jurisdiction over the trust and the fact that all parties in interest were before the court. . . .