303 F.2d 345
 Karen HABERLAND, John Haberland, Pat Haberland, Michael
Haberland, Gale Haberland, Anna Haberland, Colleen
Haberland and Rebecca Haberland, Minors,
by Their Guardian Anna M. Haberland,
v.
William F. HABERLAND, Appellant, and The Connecticut General
Life Insurance Company.
Karen HABERLAND, John Haberland, Pat Haberland, Michael
Haberland, Gale Haberland, Anna Haberland, Colleen
Haberland and Rebecca Haberland, Minors,
by Their Guardian Anna M.
Haberland, Appellants,
v.
William F. HABERLAND and The Connecticut General Life
Insurance Company.
 Nos. 13621-13642.
 United States Court of Appeals Third Circuit.
 Argued Nov. 2, 1961.
Decided Jan. 29, 1962, Rehearing Denied March 15, 1962.
 
 John L. Bailey, Pittsburgh, Pa. (Weller, Wicks & Wallace, Pittsburgh, Pa., on the brief), for plaintiffs, appellants in 13642 and appellees in 13621.
 Richard K. Walling, Cleveland, Ohio (Gilbert J. Helwig, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., on the brief), for defendant, appellant in 13621 and appellee in 13642.
 Before BIGGS, Chief Judge, and McLAUGHLIN and FORMAN, Circuit Judge.
 BIGGS, Chief Judge.
 
 
 1
 The plaintiffs are the minor children of Otto W. Haberland, now deceased, and of his former wife Anna. They brought the suit at bar by their mother and natural guardian, originally in the Court of Common Pleas of Allegheny County, against their uncle, their father's brother, William Haberland, a citizen of Ohio. It was removed by consent to the court below which has jurisdiction by virtue of diversity and jurisdictional amount. The controversy arises from the following circumstances. The decedent, Otto Haberland, on bad terms with his wife, approximately nine months prior to his death, changed the beneficiary under life insurance policies issued by the defendant, Connecticut General Life Insurance Company, from his wife, Anna, to his brother, William. The terms and conditions under which he desired William to make use of the insurance funds are very far from plain and form the basis of the controversy before the court below and before this tribunal. The court below decided that William was trustee for the benefit of Otto's children of $7,822.65 paid by Connecticut under the policies to William prior to the filing of the suit at bar and of $9,244.95 paid by Connecticut into the registry of the court as set out in the footnote.[1] It will be observed from the order as set out in note 1, supra, that the court below decided that William should have the widest possible discretion in time and manner of disbursement of the funds held in trust.
 
 
 2
 The plaintiffs and William Haberland have both appealed, the minor children on the ground that the court erred in permitting the trustee to hold the funds as trustee for the use and benefit of the cestuis que trustent in his sole discretion, and William Haberland on the ground that the court imposed any trust upon the funds at all. No opinion was written by the court below. The court made findings of fact and conclusions of law. The three most pertinent of the latter are set out below.[2]
 
 
 3
 William Haberland has made a number of statements as to the duty which he understood his brother was imposing upon him when he named him as beneficiary under the insurance policy and which he assumed as trustee. Some of these statements are inconsistent in the extreme. In an affidavit William stated that he was 'to take the proceeds of such policies and use them for the benefit of one or more of his children, as I saw fit, and for the benefit of no others.' In his original answer he made substantially the same admission, stating, however, that the funds should be preserved during the minority of the children and paid over to them upon their reaching their majorities. Later he amended his answer and took the position that he could use the funds for his own benefit. He also asserted that he could use the proceeds of the insurance policy for the purposes of his own business or for a trip to Mexico.
 
 
 4
 On February 23, 1961, fairly late in the proceedings, William Haberland filed an affidavit stating how he proposed to dispose of the insurance funds for the minor children of his brother. Two motions for summary judgment were made by the plaintiffs and both were denied. The court proceeded to a hearing on the merits and entered a judgment in favor of the plaintiffs holding that the proceeds of the insurance policies are held in trust as indicated. William Haberland has filed two briefs and made two arguments in this court. He takes two positions simultaneously: one, that the trustee has proved to be competent and that there is therefore no reason to interfere with his exercise of judgment and he asserts that he will abide fully by the decision of the court if a trust is declared. His second argument is that there is no valid trust.
 
 
 5
 Under the rule of Klaxon Co. v. Stentor Electric Manufacturing Co.,313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941), we should look to the law of Pennsylvania to determine the local law governing the validity of this inter vivos trust. However, we have been unable to find any Pennsylvania authority dispositive of this question. Rather than now formulate a Pennsylvania conflict of laws rule in this case where argument on this point has been somewhat brief we think the better course is to look to the respective substantive laws of Pennsylvania and Ohio, the only jurisdictions having substantial contacts with the asserted trust or the persons involved therein or concerned therewith. The result is the same whether Pennsylvania law or Ohio law be applied. Both jurisdictions adhere to the view that the proceeds of a life insurance policy may be placed in trust, either by declaration of the insurance beneficiary or by agreement between the beneficiary and the insured. Gritz v. Gritz, 342 Pa. 516, 21 A.2d 713 (1941); Free's Estate, 327 Pa. 362, 194 A. 492 (1937); Finney v. Hinkle, 106 Ohio App. 89, 153 N.E.2d 699 (1958); Union Central Life Insurance Co. v. MacBrair, 66 Ohio App. 144, 31 N.E.2d 172 (1940). Such a trust in personalty can be established by oral evidence, if it is sufficiently clear, precise and indubitable. Gritz v. Gritz, supra; Tromas v. Dye, 127 N.E.2d 228 (Ohio Ct.App.1954). The evidence in this case is sufficient, if believed, as it was by the finder of fact, to establish an oral trust in the proceeds of the insurance for the benefit of the children.
 
 
 6
 Nor can we quarrel with the terms of the trust imposed by the District Court or the wide discretion given to the trustee except in one respect. The court below was correct in allowing a wide latitude in administration but we think, particularly in the view of the conflicting attitudes taken and still being taken by William Haberland and the fact that he is a resident of Ohio the court should not permit him to remain as sole trustee.[3] We are of the view that the trust could be administered more efficiently if there were jointed with him as a fiduciary a Pennsylvania corporate trustee that could keep the accounts and assume equal responsibility with him for the administration and disbursement of this not insubstantial fund.
 
 
 7
 The court below will be directed to amend its decree of March 16, 1961 to provide for the appointment of an appropriate Pennsylvania corporate trustee to serve with William Haberland. The judgment as thus modified will be affirmed.
 
 
 
 [1]
 The Court's order was as follows:
 'And Now, this 16th day of March, 1961, it is ordered:
 '1. That Connecticut General Life Insurance Company pay to William F. Haberland the sum of Nine Thousand two Hundred Forty-four Dollars and Ninety-five Cents ($9244.95), less its costs incurred in connection with this action, including the costs incurred in removing the action from the Court of Common Pleas of Allegheny County to this Court, and less the sum of One Hundred Fifty Dollars ($150.00) for counsel fees; and that by such payment it shall be fully discharged from any and all liability under its policies of insurance No. G5530 R and G5530 RA issued on the life of Otto W. Haberland, deceased;
 '2. That upon receipt thereof, William F. Haberland shall hold said amount of Nine Thousand Two Hundred Forty-four Dollars and Ninety-five Cents ($9244.95), together with the amount of Seven Thousand Eight Hundred Twenty-two Dollars and Sixty-five Cents ($7822.65) previously received from Connecticut General Life Insurance Company on account of said policies plus all income accrued thereon, as trustee, in trust for the benefit of Karen
 Under South Carolina law insurer Michael Haberland, Gale Haberland, Colleen Haberland and Rebecca Haberland, and that as said trustee William F. Haberland shall have discretion as to the time and manner of disbursement of said funds held in trust.
 '3. That the costs be paid by William F. Haberland, Trustee, out of the aforesaid funds.'
 On April 21, 1961, the Court entered a supplemental order authorizing Connecticut to pay the sum of $9244.95, less costs, into the registry of the Court. This payment has been made.
 
 
 [2]
 As follows: '1. Although there are inconsistencies in the record, it appears from the record as a whole that the insured, in naming defendant, William F. Haberland, beneficiary of his insurance policies, intended that the defendant hold the proceeds of the policies in trust for the benefit of his children and that the defendant should have complete discretion as to the distribution of the funds to all or any of said children
 '2. Defendant has not abused his discretion in managing the funds or in refusing to distribute them up to the present time.
 '3. Plaintiffs have not established such a need for the funds as would require distribution in preference to the preservation thereof for the benefit of all the plaintiffs to provide against future contingencies.
 
 
 [3]
 On the issue of how the trust is to be administered we are of the opinion that a Pennsylvania court would apply Pennsylvania law. There is no evidence of an expression of choice by the settlor with regard to the governing law. Although an Ohio resident was chosen as trustee, the greater part of the trust res is now in Pennsylvania, the settlor was domiciled here, and all of the beneficiaries reside in the Commonwealth. See Schoble Trust Estate, 346 Pa. 318, 325-326, 30 A.2d 316, 320 (1943). It is clear that local law permits the appointment of an additional trustee. 20 P.S. 320.903, 2769