Heinz's Estate.

Argued September 28, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*James G. Marks,* for appellant.

*William R. Scott,* of *Smith, Buchanan, Scott & Gordon,* with him *David B. Buerger,* for appellee.

OPINION BY MR. JUSTICE SIMPSON, November 27, 1933:

The Fidelity Title and Trust Company of the City of Pittsburgh, a corporation of this Commonwealth, whose place of business is in that city, is the trustee of a fund of $600,000, deeded by appellee to it. Admittedly, "settlement of accounts of trustees of trusts inter vivos," is subject to the jurisdiction of the orphans' court by the Act of June 26, 1931, P. L. 1384, 1385. Hence, settlement of the accounts in this trust estate is within the jurisdiction of the Orphans' Court of Allegheny County.

Asserting, for the reasons set forth in his petition in that court, that he had a substantial interest in the accrued and accruing income of the trust estate, and that the trustee, despite written notice not to do so, indicated an intention to pay the whole of the income to one Sara Y. Frazer, he asked that court to enjoin the trustee from so doing, preliminarily until hearing and perpetually thereafter, and to award an appropriate citation to the trustee and to the said Sara Y. Frazer. The court below

made the order prayed for, whereupon Sara Y. Frazer appeared de bene esse, and asked that the petition be dismissed for want of jurisdiction and that the restraining order be vacated and set aside. This the court below refused, and later dismissed her exceptions to its action, whereupon, without proceeding further in that tribunal, she prosecuted the present appeal, claiming the right so to do, despite the interlocutory character of the orders appealed from, because of the provisions of the Act of March 5, 1925, P. L. 23, and has favored us with an elaborate argument on the merits of the controversy between her and appellee; a point we could not now consider, even if we were of opinion that the present proceeding was within the purview of that statute.

It is clear, however, that the Act of 1925 does not apply to this class of proceedings. The first section says "That wherever in any proceeding at law or in equity the question of jurisdiction over the defendant or of the cause of action for which suit is brought is raised in the court of first instance, it shall be preliminarily determined," etc. A proceeding in the orphans' court, which this is, is not a "proceeding at law or in equity." True, that court, within the scope of its jurisdiction, proceeds according to equitable principles, but that does not make this a "proceeding......in equity." We have so recently considered the status of that court on this point, in Douglas's Est., 303 Pa. 227, 231, that nothing further need be said on the subject.

Moreover, by the order made, notice is to be given to appellant in a specified way to appear and show cause why appellee's claim should not be allowed. How this notice should be given was a matter exclusively within the discretion of the court below. By section 17 (d) of the Orphans' Court Act of June 7, 1917, P. L. 363, 374, it is provided that if the respondent in such a proceeding "resides outside the Commonwealth, and his place of residence is known, and the proceeding concerns property situate within the Commonwealth, the court may, in

its discretion, authorize service to be made on such party personally wherever found, or by registered mail, or may direct notice to be given by publication in such manner as shall appear to the court to be reasonable and proper, according to general rules adopted by the court, or special orders made by the court in particular cases."

In the instant case, where appellant "resides outside the Commonwealth......and the proceeding concerns property situate within the Commonwealth," the court below ordered that "service of said citation, together with a copy of the foregoing petition and of this decree shall be made upon [appellant] by registered mail, in accordance with the provisions of section 17 subparagraph (d) of the Orphans' Court Act of 1917, at her residence 121 South Rossmore Avenue, Los Angeles, California, or such other place as she may be found."

This order was in strict accord with the statute, and, since the funds in the hands of the trustee are within this Commonwealth, gave the court below jurisdiction to determine whether or not those funds are payable to her or to appellee: Pennington v. Fourth Nat. Bank of Cincinnati, 243 U. S. 269. We know now that appellant has had actual knowledge of the proceedings, but even if she had not, as she had the constructive statutory notice prescribed by the court which had jurisdiction over the fund, she will not hereafter be heard to complain that she did not have such actual notice or knowledge: App v. Dreisbach, 2 Rawle 287; Lorch's Est., 284 Pa. 500; Holben's Est., 300 Pa. 169, 173, and cases cited therein. Indeed, at any time in the future the court below, without continuing the present proceedings, may enter an order upon the trustee to file an account, on the audit of which, after due advertisement, the existing controversy between appellant and appellee, so far as concerns distribution of the fund, will be heard and conclusively determined, without regard to anything that has theretofore been done in the present proceedings, and whether

appellant has or has not had notice of the audit. See cases last cited.

What has been said above conclusively determines that this appeal can have no basis in the Act of 1925, and that is all we are now called upon to determine. It may not be amiss to say, however, that the restraining order of which complaint is made is also within the jurisdiction of the court below. This is statutorily declared in section 7 of the Act of May 19, 1874, P. L. 206, 207, now embodied in section 16 of the Orphans' Court Act of June 7, 1917, P. L. 363, 373, which states that the orphans' courts "shall have power to prevent, by orders in the nature of writs of injunction, acts contrary to law or equity, prejudicial to property over which they shall have jurisdiction." Moreover, if there was no statute expressly conferring such right, we would have no difficulty in deciding that, quoad matters within its jurisdiction, the power of the orphans' court "is only limited by the necessities of the case, and by its duty to administer equity in accordance with established rules": Odd Fellows Savings Bank's App., 123 Pa. 356, 365; Carney v. Merchants' Union Trust Co., 252 Pa. 381, 385-6.

The appeal is quashed at the cost of appellant.