Brumm *v.* Pittsburgh National Bank, Appellant.

444

Argued November 13, 1968. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

*B. A. Karlowitz,* with him *J. Kent Culley,* and *Patterson, Crawford, Arensberg & Dunn,* for appellant.

*Louis H. Ceraso,* with him *Irving Green,* for appellee.

OPINION BY HOFFMAN, J., December 12, 1968:

This is an appeal from a dismissal by the Court of Common Pleas of Westmoreland County of preliminary objections to plaintiff's complaint.

Plaintiff filed a complaint in assumpsit alleging that defendant, a national banking association having its principal and chartered office in Pittsburgh, Allegheny County, breached a contract by permitting police to search her safe deposit box. This resulted in an unsuccessful criminal prosecution of plaintifff. She now seeks reimbursement from the bank for expenses incurred in connection with her defense against the criminal charges.

The bank filed preliminary objections, including an allegation that the Court of Common Pleas of Westmoreland County did not have jurisdiction over the action. This objection was based on 12 U.S.C. §94, which provides that suits against national banking associations "may be had . . . in any State, county, or

municipal court in the county or city in which said association is located having jurisdiction in similar cases." This statute has been held to be mandatory, not permissive, *Mercantile National Bank v. Langdeau*, 371 U.S. 555 (1963), although in certain circumstances its protection may be waived. *Michigan National Bank v. Robertson*, 372 U.S. 591 (1963), *Lapinsohn v. Lewis Charles, Inc.*, 212 Pa. Superior Ct. 185, 240 A. 2d 90 (1968), allocatur refused 212 Pa. Superior Ct. xxxv (1968) ; cert. denied 393 U.S. 952 (1968). Defendant argues, therefore, that this action may be brought only in the courts of Allegheny County where defendant maintains its principal office. This objection was dismissed below, and the bank appealed.

We need not reach the merits of the bank's argument because the dismissal of the preliminary objections below was an interlocutory order. It is true, of course, that appeals may be taken directly from orders of a lower court ruling on its jurisdiction over subject matter or person.[1] This appeal, however, is based upon an alleged defect in venue, not upon a claim that the court below did not have jurisdiction.

As was said in *Simpson v. Simpson*, 404 Pa. 247, 172 A. 2d 168 (1961), "jurisdiction of subject matter relates to the competence of a court to hear and determine controversies of the general nature of the action before the court; jurisdiction of the person is ordinarily acquired by service upon him of the court's process within the territorial limits of its authority; and venue is the right of the party sued to have the action brought and heard in a particular judicial district."

12 U.S.C. §94, which furnishes the basis for defendant's objections, is "essentially a venue statute

---

[1] The Act of March 5, 1925, P. L. 23, §1, 12 P.S. §672, provides that the question of jurisdiction over the defendant or of the cause of action raised on preliminary objection may be appealed.

governing the proper location of suits against national banks in either federal or state courts." *Mercantile National Bank v. Langdeau,* supra. Similarly, in *Lapinsohn,* supra, we noted that the statute is a "venue statute" and not a jurisdiction statute. Federal Court jurisdiction over national banks is governed by another statute, 28 U.S.C. §1348. That act specifies in part that "All national banking associations shall, for the purposes of all . . . actions by or against them, (with certain exceptions not here applicable) be deemed citizens of the States in which they are respectively located." See *Mercantile National Bank v. Langdeau,* supra.

"A court's determination that the venue of an action lies within its judicial district, being interlocutory, is not of itself appealable." *McGinley v. Scott,* 401 Pa. 310, 164 A. 2d 424 (1960). Since this appeal only involves a question of venue, it must be quashed as interlocutory.

Appeal quashed.