369 A.2d 1290

**ESTATE of Arthur HAHN**

**Appeal of Earle H. HAHN**

Supreme Court of Pennsylvania.

Argued Nov. 19, 1976.

Decided Feb. 28, 1977.

250

Michael J. Clement, Norristown, for appellant.

J. Brooke Aker, Norristown, for appellee Sylvia K. Hahn.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY and MANDERINO, JJ.

## OPINION

JONES, Chief Justice.

This appeal arises on an election by a surviving widow against her husband's will and against his inter vivos conveyances. Decedent, Arthur Hahn, died on June 18, 1973, survived by his widow and by his son, Earle Hahn. Decedent's will and a codicil thereto, both dated April 27, 1973, were probated and letters testamentary were issued to Earle Hahn as the executor named therein. On July 6, 1973, decedent's widow filed her election against the will and any and all lifetime conveyances made by decedent. The executor filed an answer thereto urging dis-

missal of the widow's election as barred by a postnuptial agreement.

Hearings to determine these matters commenced on January 8, 1975. On the third day of hearings, counsel for the executor-appellant asked the court below to strike testimony presented at the previous hearing concerning the valuation of assets. This issue was resolved when counsel for both sides agreed that evidence of valuation would be deferred until the end of the hearings. Thereafter, the electing widow sought permission to have the underlying assets of decedent's closely held family corporations valued, to which the appellant objected. At the request of counsel argument was held and briefs filed, leading to an interlocutory order of the lower court directing the executor to permit the widow's appraisers to gain access to the real estate and further directing him to make certain designated records available to the widow.

The executor responded by filing a motion to dismiss, for lack of jurisdiction, certain issues relating to the inter vivos conveyances and requests for valuation evidence. By decree dated December 18, 1975, the court below refused the motion and this appeal followed. Subsequent to the taking of this appeal, the widow-appellee filed a motion to quash which was directed to be heard at the time of oral argument on the merits.

Appellant is not appealing from a final order or decree. Nor has appellant petitioned for permission to appeal from an interlocutory order. Act of July 31, 1970, P.L. 673, No. 223, Art. V, § 501(b), 17 P.S. § 211.-501(b); *see also* Pa.R.A.P. 312, 1311. Instead, appellant has taken this appeal as of right, *see* Pa.R.A.P. 311(a), claiming authorization under the Act of March 5, 1925, P.L. 23, § 1, 12 P.S. § 672:

"Wherever in any proceeding at law or in equity the question of jurisdiction over the defendant or of the cause of action for which suit is brought is raised in

the court of first instance, it shall be preliminarily determined by the court upon the pleadings or with depositions as the case may require; and the decision may be appealed to the Supreme Court or the Superior Court, as in cases of final judgments."

While appellant is contesting subject-matter jurisdiction of the court below, the statute authorizing an interlocutory appeal requires, as well, that the contest be in a "proceeding at law or in equity." This is not true of an orphans' court proceeding:

> "A proceeding in the orphans' court which this is, is not a 'proceeding at law or in equity.' True, that court, within the scope of its jurisdiction, proceeds according to equitable principles, but that does not make this a 'proceeding . . . in equity.'" *Heinz's Estate*, 313 Pa. 6, 8, 169 A. 365, 365–66 (1933).

*See also Estate of Shelly*, 463 Pa. 430, 345 A.2d 596 (1975); *Wormley Estate*, 359 Pa. 295, 59 A.2d 98 (1948). The jurisdiction of the orphans' court is entirely statutory. *In re Estate of Thomas*, 457 Pa. 546, 327 A.2d 31 (1974). And though it is often said that the orphans' court is a court of equity, what is meant "is that in the exercise of its limited jurisdiction conferred entirely by statute, it applies the rules and principles of equity." *Willard's Appeal*, 65 Pa. 265, 267 (1870). Orphans' Court proceedings are distinguishable from those "at law or in equity," as was made clear by Chief Justice Gibson in *Brinker v. Brinker*, 7 Pa. 53, 55 (1847):

> "But although the Orphans' Court has been called a court of equity, in respect to the few subjects within its jurisdiction, the ancillary powers of such a court have not been given to it. It is a special tribunal for specific cases; . . . ."

Thus the appeal is not properly before us and must be quashed.

Appeal quashed.

NIX, J., did not participate in the consideration or decision of this case.

POMEROY, J., filed a concurring opinion.

MANDERINO, J., filed a dissenting opinion.

POMEROY, Justice, concurring.

By its decision today the Court needlessly perpetuates a procedural anomaly, the basis for which was eliminated by the adoption in 1968 of the new Article V of the Pennsylvania Constitution. Although the correct result is reached, I cannot agree with the rationale of the majority opinion; hence this separate statement. Section 1 of Article V provides as follows:

> "The judicial power of the Commonwealth shall be vested in a unified judicial system consisting of the Supreme Court, the Superior Court, the Commonwealth Court, courts of common pleas, community courts, municipal and traffic courts in the City of Philadelphia, such other courts as may be provided by law and justices of the peace. All courts and justices of the peace and their jurisdiction shall be in this unified judicial system."

Thus under the new Constitution there is no longer a separate and independent orphans' court. Like other pre-1968 courts, the orphans' court is now part of the newly constituted court of common pleas, a court in which is vested "unlimited original jurisdiction in all cases except as may otherwise be provided by law". Constitution of Pennsylvania, Art. V, Sec. 5.

The issue presented by this case is not one of jurisdiction, but of whether or not the orphans' court division is the proper division of the court of common pleas through which the undoubted jurisdiction of that court is to be exercised to resolve the questions here in dispute. Those questions have to do with the valuation of assets of closely held family corporations created by decedent,

and with the validity of the transfers during decedent's lifetime of certain assets by those corporations.

It is true, as the Court points out, that proceedings in the old orphans' court were not considered to be either "at law or in equity" for purposes of the Act of 1925,[*] permitting appeals from interlocutory orders pertaining to jurisdiction; hence appeals from interlocutory decrees of the orphans' court were not allowed. But those cases are now of historical interest only. The court of common pleas has admitted jurisdiction of the subject matter of the instant disputes. The Act of 1925 should not be applied to allow appeals concerning the presence or absence of subject-matter jurisdiction as between *divisions* of the court of common pleas. If the jurisdiction over the cause of action is being exercised through the wrong division, the remedy, if a remedy is needed, will be a transfer to the correct division. See *Kohl v. Lentz*, 454 Pa. 105, 110, 311 A.2d 136, 137 (1973) (concurring opinion of Pomeroy, J.). Also, as the Court's opinion indicates, an appellant may seek interlocutory review under our appellate rules. See Pa.R.A.P. 312, 1311. Since that was not done here, I agree that the appeal should be quashed.

The fallacy of the Court's analysis is made clearer if it be assumed that the dispute between the decedent's widow and son had originated in a suit in equity brought in the civil (or trial) division of the court of common pleas. Had a jurisdictional challenge then been raised on the ground that the controversy was justiciable only through the orphans' court division, presumably, under the majority's rationale an appeal would lie under the Act of 1925, since the civil division would have been sitting in equity. Surely, in a unified judicial system, the availability of an appeal right should not depend on which branch of the trial court is first seized of the case.

[*] Act of March 5, 1925, P.L. 23, § 1, 12 P.S. § 672.

MANDERINO, Justice, dissenting.

I must respectfully dissent. I cannot subscribe to the notion of the majority opinion that there is a third category of litigation known as "orphans' court" which is not encompassed by the language of "law and equity." This appeal should not be quashed because appellant had a right to an interlocutory appeal since he is contesting subject matter jurisdiction. Act of March 5, 1925, P.L. 23, § 1, 12 P.S. § 672. On the merits of the appeal, I would affirm. There is no such thing today as "orphans' court subject matter jurisdiction." The constitutional reforms of 1969 were designed to make clear that there is only one court of common pleas for subject matter jurisdiction purposes. Divisions of the court of common pleas may be convenient for administrative purposes. These divisions, however, are irrelevant to the question of subject matter jurisdiction.

Article 5, § 5 of the Pennsylvania Constitution provides:

"There shall be *one court* of common pleas for each judicial district (a) having such divisions and consisting of such number of judges as shall be provided by law, one of whom shall be the president judge; and (b) having *unlimited* original *jurisdiction* in all cases except as may otherwise be provided by law." (Emphasis added.)

Since the court of common pleas had subject matter jurisdiction, the order of the trial court should be affirmed.