370 A.2d 307

In the Matter of Mae PHILLIPS a/k/a Ida Mae Phillips, of
the Borough of Emlenton, Venango County,
Pennsylvania, an alleged incompetent.

Appeal of Ida Mae PHILLIPS

In the Matter of the ESTATE of Arthur W. PHILLIPS, late
of the Borough of Emlenton, Venango County,
Pennsylvania, Deceased.

Supreme Court of Pennsylvania.

Argued Nov. 19, 1976.

Decided Feb. 28, 1977.

John E. Egan, Wasson, Egan & Wilson, Franklin, F. Walter Bloom, III, Oil City, Joseph C. Owens, Chicago, Ill., guardian ad litem, for appellant.

Benjamin G. McFate, William J. McFate, Milton W. Rosen, Oil City, Robert P. Kane, Atty.Gen., Harrisburg, John M. Duff, Deputy Atty. Gen., Pittsburgh, for appellees.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY and MANDERINO, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

This is an appeal from a decree of the Court of Common Pleas of Venango County, Orphans' Court Division, dismissing appellant Mae Phillips's preliminary objections to (1) a petition filed by the executors of her husband's estate seeking the appointment of a guardian for appellant on the ground that she is incompetent (appeal No. 19); and (2) a petition filed by the executors of her husband's estate to set aside appellant's election to take against her husband's will, and depose and medically ex-

amine her (appeal No. 20). Appellant asserts that the trial court has neither personal nor subject matter jurisdiction.

Ordinarily the dismissal of preliminary objections is an interlocutory order which is not appealable. Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 202, 17 P.S. § 211.202 (Supp, 1976); Pa.R.App.P. 311(a); *Levy's Estate,* 307 Pa. 522, 161 A. 740 (1932). The Act of May 5, 1925, P.L. 23, § 1, 12 P.S. § 672 (1953), provides that appeals may be taken from interlocutory orders in cases in law or in equity involving questions of jurisdiction.[1] We have held, however, that this statute does not apply to proceedings in the orphans' court. *Estate of Arthur Hahn,* 471 Pa. 249, 369 A.2d 1290 (1977); *Estate of Shelley,* 463 Pa. 430, 345 A.2d 596 (1975); *Wormley Estate,* 359 Pa. 295, 59 A.2d 98 (1948); *Heinz Estate,* 313 Pa. 6, 169 A. 365 (1933).

Appellant asserts that she is entitled to this appeal as a matter of right, relying on 12 P.S. § 672 (1953). Because this statute does not apply to orphans' court proceedings and because appellant has not petitioned for permission to appeal from an interlocutory order,[2] the appeal is not properly before us and must be quashed.

Appeals at No. 19 and No. 20 are quashed. Costs on appellants.

NIX, J., did not participate in the consideration or decision of this case.

1. "Wherever in any proceeding at law or in equity the question of jurisdiction over the defendant or the cause of action is brought is raised in the court of the first instance, it shall be preliminarily determined by the court upon the pleadings or with depositions as the case may require, and the decision may be appealed to the Supreme Court or the Superior Court, as in cases of final judgments."
Act of May 5, 1925, P.L. 23, § 1, 12 P.S. § 672 (1953).

2. Act of July 31, 1970, P.L. 673, No. 223, art. V, § 501(b), 17 P.S. § 211.501(b); see also Pa.R.App P. 312.

292

POMEROY, J., filed a concurring opinion.

MANDERINO, J., filed a dissenting opinion.

POMEROY, Justice, concurring.

For reasons stated in my concurring opinion in *Estate of Hahn*, 471 Pa. 249, 369 A.2d 1290 (1977), I concur in the result.

MANDERINO, Justice, dissenting.

I would affirm the decree of the trial court for the reasons stated in my dissenting opinion in *Estate of Hahn*, 471 Pa. 249, 369 A.2d 1290 (1977).