425 A.2d 1138

Frances S. BALTER

v.

James Stone BALTER, Appellant.

Superior Court of Pennsylvania.

Argued Nov. 12, 1979.

Filed Feb. 13, 1981.

John J. Dean, Pittsburgh, for appellant.

Samuel Kaufman, Pittsburgh, for appellee.

Before PRICE, CAVANAUGH and WATKINS, JJ.

PRICE, Judge:

Appellant and appellee, former husband and wife, entered into a settlement agreement on May 8, 1975. They were subsequently divorced by Decree entered June 2, 1975. Under the terms of the agreement, appellant promised to pay his wife a sum equal to six percent of any proceeds he might receive from the sale, during his lifetime, of his forty-five percent interest in Morris Paper Company, Incorporated.

Appellant subsequently sold his entire interest in Morris Paper Company, Inc. for $2,718,639.60 and received a down payment of $679,659.90 and a promissory note from the buyer for $2,038,979.70, payable in sixteen quarterly installments. However, he failed to remit any of the proceeds of the sale to his wife as provided by the property settlement. On April 21, 1978, appellee commenced an action in equity in the Court of Common Pleas of Allegheny County, family division, alleging noncompliance with the separation agreement and requesting, *inter alia*, that appellant be ordered to remit to appellee her share of the initial down payment and any future installment payments owing under the promissory note. Appellant filed preliminary objections to the effect that appellee's prayer for specific enforcement of the settlement agreement was not cognizable in the family division of the court of common pleas because: (1) appellee had a full, complete and adequate non-statutory remedy at law; and (2) that division of the court of common pleas lacked subject matter jurisdiction to hear the matter being tried. On November 1, 1978, these objections were overruled and the court entered an order allowing appellant thirty days to respond to the original complaint. Appellant appeals from that order and asks this court to review the propriety of this matter being tried in equity and in the family division. For the reasons stated herein, the order of the lower court is affirmed.

By reason of the interlocutory nature of the lower court order, we are met at the threshold of this case by this court's ability to entertain the present appeal. This court has jurisdiction only over final orders of the courts of common pleas,[1] and our lack of appellate jurisdiction can, and should, be raised *sua sponte* since it cannot be conferred even by consent of the parties. *See Commonwealth ex rel. Ransom Twp. v. Mascheska*, 429 Pa. 168, 239 A.2d 386 (1968); *Philadelphia v. William Penn Business Institute*, 423 Pa. 490, 223 A.2d 850 (1966). "Finality" exists when the practical effect of an order is to put the defendant out of court, or

1. 42 Pa.C.S.A. § 742 (1979).

otherwise terminate the litigation by prohibiting either party from proceeding with the action. *Kramer v. Kramer*, 260 Pa.Super. 332, 337–38, 394 A.2d 577, 580 (1978), *citing Bell v. Beneficial Consumer Discount Co.*, 465 Pa. 225, 348 A.2d 734 (1975); *Marino Estate*, 440 Pa. 492, 269 A.2d 645 (1970). Since an order dismissing a defendant's preliminary objections does not have this effect and is therefore not final in nature, this court has no jurisdiction over appeals from such orders. This general rule is, however, subject to the exception that an order dismissing preliminary objections which raise a question involving jurisdiction is appealable. Pa.R. C.P. No. 1451(b)(7), 42 Pa.C.S.A. (corresponds to Act of March 5, 1925, P.L. 23, § 1); Pa.R.A.P. 311(a)(7). Accordingly, if none of the questions raised on this appeal involve a question of jurisdiction, the appeal must be quashed.

 Appellant's first contention is that equity lacked jurisdiction because "of the existence of a full, complete and adequate non-statutory remedy at law." [2] The defense of an adequate remedy at law does not present any true question of jurisdiction and, therefore, an order denying such defense is not appealable. *Studio Theatres Inc. v. Washington*, 418 Pa. 73, 209 A.2d 802 (1965); *White v. Young*, 402 Pa. 61, 166 A.2d 663 (1960); *Korona v. Bensalem Twp.*, 385 Pa. 283, 122 A.2d 688 (1956). "The test of jurisdiction is whether the court has *power* to enter upon the inquiry . . . ." *Main Cleaners & Dyers Inc. v. Columbia Super Cleaners*, 332 Pa. 71, 74, 2 A.2d 750, 751 (1938) (emphasis added). In comparison, the term "equity jurisdiction" refers only to whether it would be appropriate for a court of equity, as a matter of discretionary self-regulation, to apply its extraordinary remedies in a particular case. *Hoover v. Bucks County Tax Claim Bureau*, 44 Pa.Cmwlth. 529, 532, 405 A.2d 562, 563 (1979). Thus, while an injunction issued beyond the power of the court to determine controversies of that class is void *ab initio*, an injunction issued contrary to the principles in equity cases is merely erroneous, and is in full legal effect until attacked by proper appeal. D. Dobbs, Law of Reme-

2. Pa.R.C.P. No. 1509(c), 42 Pa.C.S.A.

dies § 2.7 (1973). It is in this sense that the term "equity jurisdiction", despite its connotations of power, is not at all jurisdictional. For this reason, the issue of the equity jurisdiction of the trial court is normally not appealable. But for appellant's second contention, we would quash this appeal. We do note, however, that equity has concurrent jurisdiction to specifically enforce support agreements in order to obviate the difficulties present in enforcing such contracts at law. *Sarsfield v. Sarsfield*, 251 Pa.Super. 516, 380 A.2d 899 (1977) *citing Silvestri v. Silvestri*, 423 Pa. 498, 502, 224 A.2d 212, 215 (1966).

■ Appellant's second contention is that the family division of the Court of Common Pleas of Allegheny County was an inappropriate selection of division for the commencement of this action. The trial court's order denying this objection is intimately bound up with jurisdictional considerations, and therefore, subject to our review.[3]

Prior to the adoption of the present judiciary article,[4] jurisdiction in the several judicial districts was vested in courts of common pleas, courts of oyer and terminer, or-

3. In *Binder v. Miller*, 456 Pa. 11, 317 A.2d 304 (1974), the supreme court held in a per curiam opinion that disputes as to appropriate division do not raise jurisdictional issues. However, we consider this case to be of uncertain precedential authority in light of the supreme court's decisions in *Estate of Hahn*, 471 Pa. 249, 369 A.2d 1290 (1977), and in *Estate of Phillips*, 471 Pa. 289, 370 A.2d 307 (1977). Moreover, we question the applicability of the supreme court's most recent pronouncement in *Commonwealth ex rel. Stein v. Stein*, 487 Pa. 1, 406 A.2d 1381 (1979), that divisional assignments do not relate to jurisdiction since Justice Nix's opinion for the court does not express a majority standard. *Commonwealth ex rel. Stein v. Stein*, 487 Pa. at 5 n.1, 406 A.2d at 1383 n.1 (Per Nix, J., with four justices concurring in the result). Clearly, it would be anomalous to suggest that divisional assignments among the court of common pleas could properly be characterized as relating to anything other than subject matter jurisdiction. *See, e. g., Brumm v. Pittsburgh Nat'l Bank*, 213 Pa.Super. 443, 249 A.2d 916 (1968). To hold otherwise, and deny appellate review no matter how patently erroneous a plaintiff's selection of division may be, would be tantamount to obliterating the broad areas of law to which each division of the court of common pleas is to direct its attention. *See generally Posner v. Sheridan*, 451 Pa. 51, 299 A.2d 309 (1973).

4. Pa.Const. art. V, §§ 1–18 (April 23, 1968, amended 1976).

phans' courts, and juvenile courts. The new article abolished these separate courts and established only one court of original jurisdiction which is a court of record—the Court of Common Pleas.[5] One of the purposes of the unified common pleas system was to simplify procedure by removing jurisdictional archaisms which had previously existed. *Commonwealth v. Wadzinski*, 485 Pa. 247, 254, 401 A.2d 1129, 1132 (1978). The new system, however, did not represent an entreaty "to file complaints, or courts to docket them" without regard for what had been the jurisdiction and functions formerly exercised by the separate courts. *See Posner v. Sheridan*, 451 Pa. 51, 58, 299 A.2d 309, 313 (1973). The judiciary article provides that the former designated courts shall now be divisions of the reconstituted Court of Common Pleas. In pertinent part, section 17 of the Schedule to Article V of the Constitution (specifically relating to Allegheny County) states:

> Until otherwise provided by law, the court of common pleas shall consist of a trial division, an orphans' court division and a family court division; the courts of oyer and terminer and general jail delivery and quarter sessions of the peace, the county court, the orphans' court, and the juvenile court are abolished and their present jurisdiction shall be exercised by the court of common pleas." Pa.Const. Art. V, sched. § 17(a) (April 23, 1968, amended 1976).[6]

 Appellant argues that this action should be tried in the civil division since it is, at its root, a contractual dispute, and that any other result would not comport with the decision in *Posner v. Sheridan*, 451 Pa. 51, 299 A.2d 309 (1973). We disagree.[7]

5. Pa.Const. art. V, § 5 (April 23, 1968, amended 1976).

6. Schedule to Judiciary Article, § 17(a), has since been superseded and in part implemented by 42 Pa.C.S.A. § 951(b) (1979).

7. Initially, we note that even had there been a clear mistake in the exercise of jurisdiction by the court below, the remedy for bringing a case in the wrong division of a multidivision court is not dismissal, but rather a transfer of the matter to the correct division. *Common-*

In *Posner*, the defendant failed to make payments for child support pursuant to a foreign decree of divorce and an arrearage accumulated. Plaintiff filed a praecipe for writ of foreign attachment and a complaint in equity against the defendant and a bank, as garnishee of a spendthrift trust fund created for the benefit of the defendant. The complaint went unanswered and a default judgment was entered. Thereafter, the family court division entered a decree ordering the bank to pay the attaching creditor funds from the trust res. Our supreme court vacated this decree, reasoning that the lower court's disposition was beyond the scope of its divisional jurisdiction.[8] The court's decision relied upon Schedule to the Judiciary Article, section 17(b), which provides in relevant part:

"Until otherwise provided by rule of the court of common pleas, the court of common pleas shall exercise jurisdiction in the following matters through the family court division:

(i) Domestic Relations: Desertion or non-support of wives, children and indigent parents, including children born out of wedlock; proceedings, including habeas corpus, for custody of children; divorce and annulment and property matters relating thereto.

(ii) Juvenile Matters: All matters now within the jurisdiction of the juvenile court.

*wealth v. Wadzinski*, 485 Pa. 247, 401 A.2d 1129 (1978). Section 952 of the new Judicial Code allows for such transfers by stipulating that "[i]n a court of common pleas having two or more divisions each division of the court is vested with the full jurisdiction of the whole court." 42 Pa.C.S.A. § 952 (1979). Section 5103(c) specifically provides:

"If an appeal or other matter is taken to, brought in, or transferred to a division of a court to which such matter is not allocated by law, the court shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper division of the court, where the appeal or other matter shall be treated as if originally filed in the transferee division on the date first filed in a court or magisterial district."

42 Pa.C.S.A. § 5103(c) (1979).

**8.** The majority opinion also held that the lower court's decree was incorrect as a matter of law. *Posner v. Sheridan*, 451 Pa. at 57, 299 A.2d at 312.

(iii) Adoptions and Delayed Birth Certificates." Pa. Const. art. V, sched. § 17(b) (April 23, 1968, amended 1976).[9]

After examining this Schedule to the Judiciary Article, the majority opinion conceded that if "the underlying cause of action [had] been one of non-support, it would have properly been docketed in the Family Division." *Posner v. Sheridan*, 451 Pa. at 58, 299 A.2d at 312. However, the majority believed that the reduction of the arrearages to judgment had transformed the character of the lawsuit to an assumpsit action for debt. Accordingly, the supreme court vacated the decision below since, in its judgment, the original complaint had been improperly entertained by the family division.

Unlike the facts in *Posner*, the instant case involves no existing judgment to transform the form of action to a collection for debt. Rather, we are concerned solely with the enforcement of an agreement for the support of appellee as contained in the signed agreement of May 8, 1975. Clearly, this falls within the purview of Schedule 17, *viz*, its language that the family court division shall exercise jurisdiction over "nonsupport of wives, . . . divorce . . . and property matters relating thereto." Pa.Const. art. V, sched. § 17(b)(i) (April 23, 1968, amended 1976). Moreover, the agreement in dispute states that "the parties desire to make arrangements in connection with their proposed permanent separation, including the settlement of their property rights, the support and maintenance of the wife by the husband, and other rights and obligations growing out of their marital relationship." (Brief for Appellant at 10A). For these

**9.** Appellant's objections were filed prior to the effective date of the Judiciary Act of 1976, P.L. 586, § 26(b) (1976), suspending sched. § 17 to the Judiciary Article, V. This fact, however, does not affect our disposition of the instant appeal. Subsection (b) states that sched. § 17 is "superseded and suspended absolutely effective upon the date upon which the provision is or was suspended absolutely by general rule." For provisions relating to rules prescribed by general rule, *see* 42 Pa.C.S.A. §§ 102, 503 (1979). Since no such general rule is in effect with respect to sched. § 17, the practice and procedure provided therein is, and shall continue, in force until such a general rule is promulgated.

reasons we do not share appellant's view that the exercise of jurisdiction by the court below was so obviously erroneous. To the contrary, this matter was properly entrusted to the family division as it involves the enforcement of an agreement predicated upon the duty of support arising from a family relationship.

The order of November 1, 1978 is affirmed.

CAVANAUGH, J., files a dissenting opinion.

CAVANAUGH, Judge, dissenting:

I agree with the Majority that the instant case was properly brought in the Family Division. However, because the appeal is interlocutory and should be quashed, I dissent.

I agree with the Majority's statement that "if none of the questions raised on this appeal involve a question of jurisdiction, the appeal must be quashed." The order appealed from is interlocutory; however, a statute provides for an immediate appeal from orders determining questions of jurisdiction. 12 P.S. § 672 (repealed effective June 27, 1980). I also agree that the question of whether there is an adequate remedy at law is not one of jurisdiction. However, I disagree that the issue of whether the instant case was commenced in the proper division of the Court of Common Pleas is an issue of jurisdiction. Several cases have held otherwise. *Commonwealth ex rel. Stein v. Stein*, 487 Pa. 1, 4, 406 A.2d 1381, 1383 n.1 (1979); *Binder v. Miller*, 456 Pa. 11, 317 A.2d 304 (1974); *Posner v. Sheridan*, 451 Pa. 51, 299 A.2d 309 (1973); *Sto-Rox Focus on Urban Renewal Neighborhood v. King*, 40 Pa. Cmwlth. 640, 398 A.2d 241 (1979). *Contra, Kohl v. Lentz*, 454 Pa. 105, 311 A.2d 136 (1973).

In *Posner v. Sheridan, supra*, our Supreme Court stated that "the question [of which division of the court of common pleas the action should have been commenced in] . . . is not one of jurisdiction but of internal common pleas court administration." *Id.*, 451 Pa. at 55, 299 A.2d at 311. Although the Majority discusses *Posner v. Sheridan* in detail, it disregards the statement I have just quoted even though the

statement has been repeated by the Supreme Court on other occasions. *Commonwealth ex rel. Stein v. Stein, supra; Binder v. Miller, supra.*

In my view *Binder v. Miller, supra,* controls the instant case. There the defendant filed preliminary objections alleging that suit had been brought in the wrong division of the Court of Common Pleas. The lower court overruled the preliminary objections and the defendant appealed. The Supreme Court, in a per curiam opinion which relied on *Posner v. Sheridan, supra,* quashed the appeal as interlocutory since no question of jurisdiction was presented by the claim that suit was brought in the wrong division of the Court of Common Pleas.

The Majority, however, considers *Binder v. Miller,* "to be of uncertain precedential authority in light of the Supreme Court's decisions in *Estate of Hahn,* 471 Pa. 249, 369 A.2d 1290 (1977), and in *Estate of Phillips,* 471 Pa. 289, 370 A.2d 307 (1977)." Majority opinion, *ante* n.3. Analysis of those decisions demonstrates that such a view is erroneous.

*Estate of Hahn, supra* and *Estate of Phillips, supra* are essentially the same. Therefore, my discussion of *Estate of Hahn,* applies to *Estate of Phillips* also.

In *Estate of Hahn* the executor in an orphans' court proceeding filed a motion to dismiss for lack of subject matter jurisdiction. This motion was denied and an appeal was filed. As in the instant case, the order appealed from was interlocutory and the only basis for appellate jurisdiction was the statute which the Majority holds allows an immediate appeal in the instant case. 12 P.S. § 672 (repealed effective June 27, 1980). This statute allows immediate appeals "in proceedings at law or in equity" from decisions involving, inter alia, subject matter jurisdiction. In *Estate of Hahn* the Majority of the Supreme Court held that proceedings in orphans' court were not "proceedings at law or in equity" within the meaning of the statute. This holding was well supported by past precedent. *See Estate of Shelly,* 463 Pa. 430, 345 A.2d 596 (1975); *Wormley Estate,* 359 Pa. 295, 59 A.2d 98 (1948); *Heinz's Estate,* 313 Pa. 6, 169 A.2d 365 (1933). Therefore the appeal was quashed.

Justice Pomeroy concurred. He criticized the rationale used by the Majority. In his view the court's decision should have been based on the rationale that the question of which division of the Common Pleas Court the action should be commenced in is not a question of subject matter jurisdiction and hence is not appealable under the statute, 12 P.S. § 672. He also stated that "presumably" under the Majority's rationale if an action was commenced in any division of the Court of Common Pleas, except orphans' court, and a party challenged the choice of division, the Majority would allow an appeal under the statute on the ground that the appeal presented an issue of subject matter jurisdiction.

Justice Manderino dissented. In his view the question of which division of the Court of Common Pleas an action should be commenced in is a question of jurisdiction.

Thus in *Estate of Hahn* the Majority of the Supreme Court chose a well-settled precedent to decide that the appeal was interlocutory. It did not choose to rest its decision on the holding of *Posner v. Sheridan, supra,* that the question of which Common Pleas division an action should be commenced in is not a question of subject matter jurisdiction. Its failure to choose this latter rationale for its decision does not in my view establish that such rationale is no longer valid. Perhaps the Majority chose the rationale it relied on because such rationale was supported by older precedent (the cases cited by the Majority were decided as early as 1933, whereas *Posner v. Sheridan* was decided in 1973) and by precedent which had the support of more members of the court (the holding of *Posner v. Sheridan,* was subscribed to by only four members of the court).

The only support for the Majority's view in the instant case that *Estate of Hahn* renders the precedential authority of *Binder v. Miller* "uncertain" is found in the concurring and dissenting opinions in *Estate of Hahn.* The Majority in *Estate of Hahn* does not express such a view. However, the concurring and dissenting opinions only express the view of two members of the Supreme Court; the Majority in *Estate of Hahn* does not state that *Binder v. Miller* on its underly-

ing rationale is no longer valid. Moreover, the concurring opinion expressly states that it *presumes* the Majority would hold such rationale was invalid. Further, two years after *Estate of Hahn* the Supreme Court in *Commonwealth ex rel. Stein v. Stein, supra*, reiterated its earlier view that the question of which division of the Common Pleas Court an action should have been commenced in is not a question of jurisdiction. *Id.*, 487 Pa. at 5 n.1, 406 A.2d at 1383 n.1. Although it is true that the opinion in which this view is found was not joined by a Majority of the court and is therefore not precedential, *e. g., Commonwealth v. Davenport*, 462 Pa. 543, 342 Pa. 67 (1975), it still provides support for the continuing validity of the proposition of law on which I rely. I, therefore, conclude that *Binder v. Miller, supra*, is still valid precedent and hence controls the instant case.[1]

Finally, I note that the Majority's holding that the instant case involves a question of subject matter jurisdiction has limited effect. Effective June 27, 1978 a statute provides in part that "each division of the court [of common pleas] is vested with the full jurisdiction of the whole court." 42 Pa.C.S.A. § 952.[2] Thus the Majority's holding that the instant case involves a question of subject matter jurisdiction will not apply to cases to which 42 Pa.C.S.A. § 952 applies. Moreover the statute, 12 P.S. § 672, which allows immediate appeals from, inter alia, questions involving subject matter jurisdiction and which provides the basis for the

1. The Majority also states that to hold that the instant case does not involve a question of jurisdiction would "deny appellate review no matter how patently erroneous a plaintiff's selection of division may be." Majority Opinion *ante* n.3. Under my view appellate review would not be denied; it would merely be delayed until entry of a final order or appellate review could be immediately obtained if permission to appeal is granted under 42 Pa.C.S.A. § 702; Pa.R.A.P. 1311.

2. § 952. The divisions of a court of common pleas are administrative units composed of those judges of the court responsible for the transaction of specified classes of the business of the court. In a court of common pleas having two or more divisions each division of the court is vested with the full jurisdiction of the whole court, but the business of the court may be allocated among the divisions of the court by or pursuant to general rules. 42 Pa.C.S.A. § 952.

Majority's view that the instant appeal is immediately cognizable, has been repealed effective June 27, 1980.

Although I agree with the Majority's view of the merits, I think a decision on the merits is premature; I would quash the appeal as interlocutory.