449 A.2d 745

CITY OF PHILADELPHIA

v.

FRANKLIN SMELTING AND REFINING
COMPANY, Appellant.

BRIDESBURG CIVIC COUNCIL

v.

FRANKLIN SMELTING AND REFINING
COMPANY, Appellant.

Superior Court of Pennsylvania.

Argued June 23, 1982.

Filed Aug. 20, 1982.

Petition for Allowance of Appeal
Denied Nov. 3, 1982.

Carl N. Weiner and Louis W. Fryman, Philadelphia, for appellant.

Kenneth S. Cooper, Philadelphia, for City of Philadelphia, appellee.

Jerome Balter, Philadelphia, for Bridesburg, appellee.

Before WICKERSHAM, McEWEN and LIPEZ, JJ.

LIPEZ, Judge:

Defendant Franklin Smelting and Refining Company has filed two appeals, which have been consolidated here, from orders denying Franklin Smelting's preliminary objections to complaints by plaintiff City of Philadelphia and plaintiff Bridesburg Civic Council. These orders are interlocutory and nonappealable, and the appeal must therefore be quashed.

In its "statement of jurisdiction," Pa.R.A.P. 2114, Franklin Smelting relies on Rule of Appellate Procedure

341, which deals only with final orders. An order dismissing a defendant's preliminary objections, however, is clearly interlocutory. *Balter v. Balter*, 284 Pa.Super.Ct. 350, 355, 425 A.2d 1138, 1140 (1981); *see Martino v. Transport Workers Union of Philadelphia—Local 234*, 301 Pa.Super.Ct. 161, 169, 447 A.2d 292, 296 (1982). Under the Act of March 5, 1925, P.L. 23, § 1, 12 P.S. § 672, such an order was nevertheless appealable if it dealt with a question of jurisdiction, *Balter v. Balter, supra*, but that statute was repealed effective June 27, 1980. *See generally Gallardy v. Ashcraft*, 288 Pa.Super.Ct. 37, 39–40, n.3, 430 A.2d 1201, 1202, n.3 (1981), *appeal dismissed as improvidently granted*, 497 Pa. 587, 442 A.2d 693 (1982).[1] Thus it is inapplicable to these appeals, which were filed on March 5, 1981.

Since section 672 is inapplicable, we need only consider whether the jurisdictional issues raised by Franklin Smelting meet the requirements of Pennsylvania Rule of Appellate Procedure 311(b), effective April 22, 1979. 8 Pa.Bull. 3636, 3637 (1978). The only jurisdictional issues covered by Rule 311(b)[2] are questions of personal or in rem jurisdiction.

■ In its appeal with respect to the Bridesburg Civic Council's complaint, Franklin Smelting claims the court be-

1. *But see Pennsylvania Higher Education Assistance Agency v. Di Massa*, 296 Pa.Super.Ct. 529, 532 n.3, 442 A.2d 1177, 1178 n.3 (1982). The *Di Massa* opinion's erroneous use of June 27, 1978 as the effective date for the repeal of 12 P.S. § 672 apparently sprang from the failure to note that section 2(a)[1069] of the Judiciary Act Repealer Act (JARA), Act of April 28, 1978, P.L. 202, No. 53, § 2(a)[1069], 42 P.S. § 20002(a)[1069] (1982 Pamphlet at 462) provided that section 4(b) of JARA, 42 P.S. § 20004(b) (1982 Pamphlet at 595) was applicable to the repeal of the Act of 1925, which contained 12 P.S. § 672. Section 4(b) of JARA provided: "Repeals contained in this act which make reference to this subsection shall take effect two years after the general effective date of this act." Thus repeal of section 672 took place not on the general effective date of JARA, June 27, 1978, but two years later on June 27, 1980, as indicated in the recent unanimous en banc opinion in *Martino v. Transport Workers Union of Philadelphia—Local 234*, 301 Pa.Super.Ct. 161, 447 A.2d 292 (1982).

2. Pennsylvania Rule of Appellate Procedure 311(b) provides:
   *Order sustaining venue of personal or in rem jurisdiction.* An appeal may be taken as of right from an order in a civil action or

low had no jurisdiction of the cause of action under the federal Clean Air Act because of failure to meet the notice requirement of the Act. Assuming such notice is a prerequisite to jurisdiction, it certainly does not raise an issue of personal or in rem jurisdiction under Rule 311(b).

Franklin Smelting also claims that the court below lacked "equity jurisdiction" of the complaints of both the City of Philadelphia and the Bridesburg Civic Council. These challenges to so-called "equity jurisdiction" do not pose a true question of jurisdiction at all. *Balter v. Balter, supra,* 284 Pa.Super.Ct. at 355–56, 425 A.2d at 1140–41. The orders involved here would thus·not have been appealable even if section 672 were still in effect, and they are certainly not appealable under Rule 311(b), which is narrower in its coverage than section 672. None of the orders here are appealable on any basis, and the entire consolidated appeal must therefore be quashed.

Appeal quashed.

proceeding sustaining the venue of the matter or jurisdiction over the person or over real of personal property if:

(1) the plaintiff, petitioner or other party benefiting from the order files of record within ten days after the entry of the order an election that the order shall be deemed final; or

(2) the court states in the order that a substantial issue of jurisdiction is presented.

Pa.R.A.P. 311(b).