## Wormley Estate

Before Sinkler, P. J., Klein, Bolger, Ladner, Hunter and Boland, JJ.

*Cecilia J. Shapiro,* for exceptants.

*Raymond J. Bradley, Cuthbert H. Latta* and *Barnes, Dechert, Myers & Clark,* contra.

BOLGER, J., June 3, 1949.—The conduct of Cecelia J. Shapiro, counsel for exceptants throughout the several phases of the litigation of this estate satisfies us that her request made through local counsel at the bar of the court for a continuance of the argument on exceptions to the adjudication is not in good faith. The case was on the list for argument in February, but continued to April at the request of Miss Shapiro. In April it was continued because she could not be here, when it was carried over to May with the express understanding "that it would be argued this month and that no excuse would be taken for a continuance". Therefore, continuance was refused. We have a duty to the remaindermen of this estate and to the accountant, who opposed the application for continuance, to dispose of the questions involved promptly and to award the funds to those entitled. Miss Shapiro's purpose has consistently been to endeavor to throw every aspect of this litigation that she can into the Federal court of her own State rather than have the questions, all of which are properly cognizable here, determined here, and to hinder and delay action here, whereas the issues involved are more properly cognizable here, as will later appear.

The earlier phases of the litigation in this court and that in the Federal courts of Ohio are recited in the decision of this court in Wormley's Estate, 60 D. & C. 665, affirmed by the Supreme Court of Pennsylvania, 359 Pa. 295. We are advised also by counsel for the accountant that since the Ohio litigation started, exceptants attempted to obtain restraining orders in the Federal courts in Ohio against the accountant in this case to prevent it from proceeding with the present litigation in this court. The application was refused.

The exceptions raise the sole point that comity requires that this court await the outcome of the litigation instituted by Miss Shapiro in the Federal courts of Ohio, before auditing the account of the Girard Trust Company, trustee.

This estate in one aspect or another has been before this court for 50 years. The Ohio Federal suit is against the Girard Trust Company individually and has no direct relationship with and can have, no influence upon this litigation, nor in the distribution of the trust res, except the protection we are affording the accountant against the possibility of its being unable to recover elsewhere any costs of suit which the Ohio Federal Court may impose upon plaintiff in that action. The action in this court is quasi in rem. The assets of the estate are technically in the custody of the court and since the Ohio proceeding is not in rem, but is purely personal, it is not the duty of this court to await the determination of the other proceeding. The Girard Trust Company, which is the only party who could be aided by delay, insists upon our proceeding.

Comity involves the problem of concurrent jurisdiction existing in two courts, whereby the court having last acquired jurisdiction defers to the one which first acquired jurisdiction as a matter of grace, but not of right. However, comity is not involved where one court has obtained *exclusive* jurisdiction, which is the present situation.

In Princess Lida of Thurn and Taxis et al. v. Thompson et al., trustees, 305 U. S. 456, the accountant, trustee under a deed of trust, filed its account with the common pleas court, following which some of the interested parties brought suit in the United States district court asking that the trustees be required to restore to the trust moneys lost by their illegal and negligent conduct, that they be removed, etc. The two actions covered the same ground. Justice Roberts

clearly pointed out the difference between actions in personam and actions in rem or quasi in rem, in which concurrent jurisdiction might be claimed; that concurrent actions in personam can proceed in different courts until a judgment is obtained in one court, which judgment can then be pleaded in the other court which will recognize such judgment. However, if the two suits are in rem or quasi in rem so that the court or its officer has possession or must have control of the property which is the subject of the litigation in order to proceed with the cause and grant the relief sought, the jurisdiction of one court must yield to that of the other. He stated that the rule that the court first assuming jurisdiction over property may maintain and exercise that jurisdiction to the exclusion of the other, applies to suits for administration of trusts, where to give effect to its jurisdiction the court must control the property. The doctrine is necessary to the harmonious coöperation of Federal and State tribunals. The cited case, the court said, did not involve a question of diversity of citizenship wherein plaintiff seeks adjudication of his right or his interest as a basis of a claim against a fund in the possession of the State court. The contentions were solely as to administration and restoration of corpus. The common pleas State court first obtained jurisdiction, wherefore its jurisdiction became exclusive. It is, therefore, clear that our jurisdiction in the instant case is exclusive.

The Court of Appeals for the Sixth Circuit recognized this status when, in its opinion sustaining the right of plaintiff to proceed against the Girard Trust Company in its individual capacity, it expressly stated (159 F.(2d) 242) :

"The action does not in any way affect the possession of and control over the res by the Orphans' Court" . . . and "will leave undisturbed the orderly admis-

tration of the estate in the Orphans' Court of Philadelphia County."

The exceptions are dismissed and the adjudication confirmed absolutely.