J-S25032-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| ESTATE OF: ROBERT L. MONTGOMERY, JR., DECEASED | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: H. BEATTY CHADWICK | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 96 EDA 2023 |

Appeal from the Order Entered November 21, 2022
In the Court of Common Pleas of Montgomery County Orphans' Court at
No(s): 1977-X0448

BEFORE: NICHOLS, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:                **FILED DECEMBER 22, 2023**

H. Beatty Chadwick (Appellant) appeals *pro se* from the order of the Montgomery County Court of Common Pleas Orphans' Court granting $75,000 in attorneys' fees from each of two trusts, designated as Trust No. 6 and Trust No. 7 (collectively "the Trusts"). The fees concerned litigation that commenced in 2018 and ended in 2021. Appellant alleges: (1) that PNC Bank, N.A. (Trustee)'s request for attorneys' fees was unauthorized since the prior litigation was solely for the benefit of Trustee and not the estate; and (2) that Appellant's objections in that prior litigation, while overruled by the Orphans' Court, were meritorious and thus attorneys' fees should not be awarded. We affirm.

The Trusts arose from the wills of the late Robert Montgomery, Jr., and his wife, Elizabeth B. Montgomery. Appellant is the beneficiary and upon his death 26 named charitable organizations receive the remaining principal in

percentages as specified by the trust instrument. The Trusts have been the subject of much litigation. As this Court stated in an appeal from a 2014 accounting action, "[t]he full factual and procedural history in the instant case is long, torturous, and infamous." ***In re Trusts Under the Will of Montgomery***, 1453 EDA 2016 (unpub. memo. at 1) (Pa. Super. Feb. 28, 2017). ***See also*** Orphans' Court Opinion, 11/21/22, at 1 ("These Petitions follow decades-long litigation between Trustee and [Appellant]. . . ."). We set forth some of the prior litigation as it supplies necessary context for the current appeal.

On April 19, 2018, Trustee filed an accounting ("2018 Accounting") for transactions spanning April 7, 2014, through February 15, 2018, as well as accompanying petitions for adjudication. Trustee "requested the payment of attorney's fees in the amount of $447,635.40 to cover the costs incurred by it, which were expended to defend itself against Appellant's claims, both past and present." ***In re Trusts Under Will of Montgomery***, 3007 EDA 2019 (unpub. memo. at 2) (Pa. Super. Aug. 13, 2020). The Orphans' Court ultimately denied Appellant's objections and we affirmed. ***Id.*** Appellant unsuccessfully sought further review with our Supreme Court. ***In re Trusts Under Will of Montgomery***, 249 A.3d 252 (Pa. 2021) (*per curiam*).

The instant order relates to Trustee's petition filed on February 2, 2022, seeking $250,670.70 in attorneys' fees for expenses incurred from May 31,

2018[1] through January 18, 2021, relative to the 2018 Accounting and all subsequent litigation, including the appellate proceedings.[2] The petition noted that it was seeking these fees *via* the petition for these reasons:

> [D]isbursements to pay [Trustee]'s legal costs incurred as a result of [Appellant]'s unsuccessful claims have, over time, substantially reduced the principal of the Trusts, which has impacted not only [Appellant]'s interests in the Trusts, but also those of the charitable remainder beneficiaries of the Trusts. [Trustee] is mindful of the need to avoid presenting [Appellant] with further opportunities to deplete the Trusts by bringing meritless claims against [Trustee]. Accordingly, [Trustee] presents its current request for payment of fees and costs by way of this Petition, rather than filing new accountings of the Trusts, in order that the request may be considered independently of another audit of the Trusts' administration.

Petition for Payment of Attorneys' Fees, 2/2/22, at 2.

Trustee discussed its responses to Appellant's preliminary objections to the 2018 Accounting, explaining that its attorneys' fees request was limited to the costs incurred responding to Appellant's first five objections. As reflected in the Orphans' Court opinion filed in this matter, Appellant's challenges "fell into two broad categories," which the Orphans' Court summarized as follows:

> (1) the first five objections . . . related to the administration of the Trusts, the investment objectives of the Trusts, the duty of impartiality of Trustee and whether Trustee made appropriate efforts to generate income in their investment allocation with respect to each of the Trusts; and (2) the remaining objections

---

[1] Appellant had filed objections on May 30, 2018.

[2] The Attorney General, acting as *parens patriae* for the charitable beneficiaries, had no objection to the fee request.

challenged the legal fees charged by counsel to Trustee and paid
. . . with respect to each of the Trusts.

Orphans' Court Opinion, 11/21/22, at 2.

As previously noted, the Orphans' Court resolution of Appellant's objections and its ruling on the attorneys' fees requests within the 2018 Accounting was affirmed by this Court. The Orphans' Court held a trial in this matter on October 5, 2022, and issued an order and accompanying opinion on November 21, 2022, granting Trustee's petition for attorneys' fees but reduced the amount to $150,000. Appellant filed a timely notice of appeal and the Orphans' Court did not order Appellant to file a concise statement. Appellant raises two arguments on appeal.

> 1. Should a fiduciary be allowed counsel fees and expenses from a trust estate that were incurred in a proceeding commenced at the election of the fiduciary for the benefit of the fiduciary without any benefit to the trust estate?
>
> 2. Should a fiduciary be allowed counsel fees and expenses from a trust estate for its defense of charges of fiduciary misconduct with a reasonable basis in the factual evidence although no sanction was imposed upon the fiduciary as a result thereof?

Appellant's Brief at 4.

Our standard of review in this matter is as follows:

> When reviewing a decree entered by the Orphans' Court, this Court must determine whether the record is free from legal error and the court's factual findings are supported by the evidence. Because the Orphans' Court sits as the fact-finder, it determines the credibility of the witnesses and, on review, we will not reverse its credibility determinations absent an abuse of that discretion.

*In re Fiedler*, 132 A.3d 1010, 1018 (Pa. Super. 2016) (*en banc*) (citation omitted). Additionally, "[t]he award of counsel fees is within the sound

discretion of the Orphans' Court." *In re Estate of Geniviva*, 675 A.2d 306, 313 (Pa. Super. 1996).

Appellant's first argument is that attorneys' fees regarding the 2018 Accounting were categorically unavailable. His fundamental position is that the Orphans' Court mischaracterized the 2018 Accounting: "The Orphans' Court erred because it failed, contrary to the evidence, to find that . . . the entire April 2018 proceeding was for the sole benefit of the trustee and its counsel and not for the benefit of the trust estate." Appellant's Brief at 14. In Appellant's view, the expenses incurred litigating his objections cannot be recovered as part of attorneys' fees. *See id.* at 11 (asserting that the fee petition "was solely for the benefit of the trustee and its counsel with no benefit to the trusts themselves"). Appellant argues that neither the Orphans' Court nor any interested party in the administration of the trust had requested an accounting, stating "[T]rustee was not able to identify any reason independent of the request for counsel fees . . . which made the filing of accounts necessary." *Id.* at 13.

By characterizing the 2018 Accounting as benefiting only Trustee, Appellant submits that the "American rule" should apply. "Under the American Rule, applicable in Pennsylvania, a litigant cannot recover counsel fees from an adverse party unless there is express statutory authorization, a clear agreement of the parties, or some other established exception." *Trizechahn Gateway LLC v. Titus*, 976 A.2d 474, 482–83 (Pa. 2009). "One of the more common exceptions to the American Rule is that attorney's fees are available

at the discretion of the court in cases involving trusts." ***Dardovitch v. Haltzman***, 190 F.3d 125, 145 (3d Cir. 1999), *citing **Estate of Tose***, 393 A.2d 629 (Pa. 1978).[3]

One type of case "involving trusts" in which attorneys' fees are available is for successfully countering a request for surcharge, which "is the penalty imposed for failure of a trustee to exercise common prudence, skill and caution in the performance of its fiduciary duty, resulting in a want of due care." ***Estate of Pew***, 655 A.2d 521, 541 (Pa. Super. 1994). A trustee's entitlement to attorneys' fees for defending against a surcharge is well-established.

> The executors were placed in the position to be sued because of duties they had performed for the estate. That being the case, it would be unjust to require them personally to bear the reasonable costs of the defense of suits brought against them solely by reason of their positions as executors. "It is well established that whenever there is an unsuccessful attempt by a beneficiary to surcharge a fiduciary the latter is entitled to an allowance out of the estate to pay for counsel fees and necessary expenditures in defending himself against the attack. . . ."

***In re Browarsky's Estate***, 263 A.2d 365, 366 (Pa. 1970) (citations omitted).

Appellant does not dispute these principles. Instead, he suggests that the 2018 Accounting was solely for the benefit of Trustee notwithstanding his attempt to seek a surcharge. "The trustee is not entitled to recover attorney fees when the legal services performed for the trustee are personal to the

---

[3] The Pennsylvania Supreme Court has previously held: "While we certainly find [Third Circuit Appeals Court] decisions instructive, their holdings . . . are not binding on us or any other court of this Commonwealth." ***Goldman v. Se. Pa. Transp. Auth.***, 57 A.3d 1154, 1169 n.12 (Pa. 2012).

trustee and have nothing to do with the preservation of the trust." Appellant's Brief at 14 (citation omitted).

We disagree that the litigation was unrelated to the administration of the Trusts. The primary difficulty with Appellant's position is that, taken to its logical end, attorneys' fees would be precluded for an accounting. Appellant views the 2018 Accounting as benefiting only Trustee because an accounting was not requested, nor did the court order one. The implied assertion that an accounting may only be initiated upon court order or due to an interested party's request is at odds with fundamental trust principles. "One of the basic duties of a trustee is to administer the trust, and Pennsylvania's trust law provides that a trustee may incur costs in administering the trust, so long as the costs 'are reasonable.'" *Pennsylvania Environmental Defense Foundation v. Commonwealth*, 279 A.3d 1194, 1205 (Pa. 2022). *quoting* 20 Pa.C.S § 7775. That statute, in turn, cites the Restatement (Second) of Trusts § 188 for the proposition that "[t]he obligation to incur only necessary or appropriate costs of administration has long been part of the law of trusts." 20 Pa.C.S. § 7775, Uniform Law Comment.

Section 188 additionally states that a trustee "can properly incur expenses which are necessary or appropriate to carry out the purposes of the trust and are not forbidden by the terms of the trust, and such other expenses as are authorized by the terms of the trust." Restatement (Second) of Trusts § 188. As to what expenses are proper, the Comment thereto indicates that the trustee "can properly incur expenses . . . to perform any other duties

which he may have as trustee." Restatement (Second) of Trusts § 188, cmt. a. One of those duties is "a duty to the beneficiary to keep and render clear and accurate accounts with respect to the administration of the trust." Restatement (Second) of Trusts § 172, cmt. a. As to Appellant's claim that no one requested the Trustee to submit an accounting, it is true that a "beneficiary may by a proper proceeding compel the trustee to render to the proper court an account of the administration of the trust." Restatement (Second) of Trusts § 172, cmt. c. Simultaneously, the Restatement recognizes that "accounting is regulated by statute in many [s]tates." *Id.* The Uniform Trust Act authorizes an accounting at any time: "A trustee shall file an account of his administration whenever directed to do so by the court and may file an account at any other time." 20 Pa.C.S. § 7797. Appellant fails to explain why the 2018 Accounting should be deemed unauthorized. We therefore reject Appellant's claim that the 2018 Accounting was unrelated to the administration of the Trusts.

Of course, Trustee did not receive the attorneys' fees at issue due to the costs incurred from the accounting itself. Instead, Trustee received those fees for litigating Appellant's attempt to levy a surcharge, which he raised *via* objections to the 2018 Accounting. In addition to his argument that the 2018 Accounting was only for Trustee's benefit, Appellant claims that the pairing of an attorneys' fees request with the accounting sufficiently distinguishes this case from the principle stated in *In re Browarsky's Estate*, *supra*. However, we agree with Trustee that "ample evidence was presented at the

2022 Hearing to support that the attorney's fees and costs at issue related exclusively to [Trustee]'s defense against the Administration Surcharge Objections, and not to any other objections presented by Appellant to the 2018 Accounts." Trustee's Brief at 7-8.

Appellant seemingly suggests, at least for purposes of his first issue, that Trustee could recover attorneys' fees incurred in defending his surcharge request had Appellant separately petitioned the Orphans' Court for that remedy outside the context of the 2018 Accounting. *See, e.g., In re Paxson Trust I*, 893 A.2d 99, 107 (Pa. Super. 2006) ("The legal proceedings which are the subject of the appeal currently before us began . . . when the Children filed a Petition for Removal of Trustees, Accountings, Disgorgement, Injunctive Relief, Surcharges and Damages") (quotation marks omitted). However, Appellant does not cite any case suggesting, let alone holding, that a trustee is barred from recovering attorneys' fees due to the procedural posture of the requested surcharge remedy. Surcharge requests are commonly sought, as in this case, when the trustee files for an accounting. *See, e.g., In re Estate of Warden*, 2 A.3d 565, 568 (Pa. Super. 2010) ("Appellants . . . appeal from the order . . . which overruled their objections to the accounting and denied their claim for imposition of a surcharge on the [t]rustees[.]"); *In re Sletten Family Trust*, 303 A.3d 795, 801 (Pa. Super. 2023) ("[Trustees] filed a Second Intermediate Accounting, to which numerous objections were filed by the Sletten Children, including, *inter alia*, a request for surcharges[.]"). Indeed, as Trustee points out in its brief, our

- 9 -

Supreme Court has stated, "It is well established that **whenever** there is an unsuccessful attempt by a beneficiary to surcharge a fiduciary the latter is entitled to an allowance out of the estate to pay for counsel fees and necessary expenditures in defending himself against the attack[.]" *In re Wormley's Estate*, 59 A.2d 98, 100 (Pa. 1948) (emphasis added). We therefore disagree with Appellant's assertion that attorneys' fees were precluded on the basis that Trustee chose "to commence litigation in order to obtain more compensation[.]" Appellant's Brief at 17. The litigation with respect to attorneys' fees was commenced by Appellant, who filed objections and sought a surcharge remedy. We discern no abuse of discretion in the Orphans' Court decision to grant the attorneys' fees.

We now address Appellant's second claim. For this claim, Appellant accepts *arguendo* that the 2018 Accounting was not solely for the Trustee's benefit. Appellant claims that attorneys' fees were still unwarranted because his objections to the 2018 Accounting were meritorious. Thus, in applying the holding that attorneys' fees are available "whenever there is an unsuccessful attempt by a beneficiary to surcharge a fiduciary," *In re Wormley's Estate*, 59 A.2d at 100, Appellant argues that his attempt to surcharge Trustee should have succeeded. While Appellant concedes that "the objections to the accounts in the April 2018 proceeding were dismissed," he maintains that "the objections nevertheless were meritorious as the essential underlying facts

were admitted by the trustee."[4]  Appellant's Brief at 18.  Appellant then attempts to relitigate his assertion that Trustee improperly prioritized the remainder charitable beneficiaries over his interest as an income beneficiary.

The parties disagree as to whether the Orphans' Court would abuse its discretion as a matter of law in awarding attorneys' fees even if Appellant had succeeded in his surcharge request.[5]  We need not address that point because Trustees prevailed in the 2018 Accounting action, and Appellant's argument that his objections were meritorious would require this Court to relitigate an issue already decided.  We decline to do so.

---

[4] Appellant is referring to testimony at the 2018 Accounting, wherein a witness, Francis J. O'Grady, agreed with Appellant's question, "And you don't invest or make your investment decisions looking to achieve any particular amount of income, do you?"  R.R. 612a (N.T., 2/26/19, at 24).  The witness then stated, "As a general rule, we do not set an absolute dollar income level. We set an asset allocation we believe would achieve both goals of income as well as principal."  R.R. 613a (N.T., 2/26/19, at 25).

[5] On this point, the Restatement (Third) of Trusts states:

> More complicated issues are presented by costs incurred by trustees in controversies, or in anticipation of possible litigation, involving allegations of breach of trust and thus exposing the trustee personally to risks such as surcharge or removal.  To the extent the trustee is successful in defending against charges of misconduct, the trustee is normally entitled to indemnification for reasonable attorneys' fees and other costs; to the extent the trustee is found to have committed a breach of trust, indemnification is ordinarily unavailable.  Ultimately, however, the matter of the trustee's indemnification is within the discretion of the trial court, subject to appeal for abuse of that discretion.

Restatement (Third) of Trusts § 88, cmt. d.

Briefly, we note that Trustee argues that the doctrine of *res judicata* applies. "*Res judicata*, which is also known as claim preclusion, holds that a final judgment on the merits by a court of competent jurisdiction will bar any future action on the same cause of action between the parties and their privies." **Rearick v. Elderton State Bank**, 97 A.3d 374, 380 (Pa. Super. 2014). "For *res judicata* to apply, there must be a concurrence of four identities: (1) identity of issues; (2) identity of the cause of action; (3) identity of persons and parties to the action; and (4) identity of the quality or capacity of the parties suing or sued." **Khalil v. Travelers Indemnity Company of America**, 273 A.3d 1211, 1223 (Pa. Super. 2022). Trustee submits that "[t]here is a perfect identity as to all four of these elements here, as Appellant is literally asking this Court to review the Orphans' Court's denial of the Administration Surcharge Objections, which this Court already did in 2020." Trustee's Brief at 20.

Appellant's reply brief suggests that *res judicata* does not apply. Specifically, he contends that we need not relitigate the merits of his surcharge claims.

> The trustee is incorrect in its claim that the objections at issue were reviewed and determined to be without merit by the Orphans' Court and by this Court when the petitions were litigated. The adjudication by the Orphans' Court dismissed the objections to the trustee's management, followed by the declaration that the trustee had established that the allocation of assets is prudent, appropriate and fair. No objection had been made as to the allocation of assets. The objection was that the trustee did not determine and then attempt to produce a reasonable income for the trusts in light of their purposes and

provisions as to comply with the duty of impartiality. The adjudication by the Orphans' Court did not engage, discuss or comment on the substance of the objection. This Court affirmed, adopting the opinion of the Orphans' Court as its own, without any further discussion.

Appellant's Reply Brief at 9-10 (quotation marks, citation & record citations omitted).

We view Appellant's argument as an assertion that the Orphans' Court failed to address a specific claim limited to income generation, whereas Trustee views the issue that was decided at the more generic level of whether Trustee breached their fiduciary duties in managing the Trust. We will accept *arguendo* that *res judicata* does not apply, as we conclude that the law-of-the-case doctrine applies.

> [W]hen an appellate court has considered and decided a question submitted to it upon appeal, it will not, upon a subsequent appeal on another phase of the case, reverse its previous ruling even though convinced it was erroneous. This rule has been adopted and frequently applied in our own State. It is not, however, inflexible. It does not have the finality of the doctrine of *res judicata*. "The prior ruling may have been followed as the law of the case but there is a difference between such adherence and *res judicata*; one directs discretion, and the other supercedes (*sic*) it and compels judgment. In other words, in one it is a question of power, in the other of submission." The rule of the "law of the case" is one largely of convenience and public policy, both of which are served by stability in judicial decisions, and it must be accommodated to the needs of justice by the discriminating exercise of judicial power.

***Commonwealth v. Gacobano***, 65 A.3d 416, 420 (Pa. Super. 2013), *quoting*

***Commonwealth v. McCandless***, 880 A.2d 1262, 1268 (Pa. Super. 2005)

(additional citation omitted).

Appellant's arguments regarding the Orphans' Court's analysis are the types of arguments to be expected in a brief appealing that decision. He argues that the Orphans' Court "dismissed the objections on other grounds" and therefore failed to address his specific claim. Appellant's Reply Brief at 8 (citation omitted). Appellant argues that the Orphans' Court disposed of his claim on an alternative ground. *Id.* (stating that "it is not unusual for a court to decide a case on grounds other than those framed by parties"). However, a prior panel of this Court affirmed the Orphans' Court decision, and our Supreme Court denied allowance of appeal. To promote uniformity of decisions and to prevent a second bite at the apple, we treat the prior disposition as law of the case. *See Pollock v. Nat'l Football League*, 171 A.3d 773, 782 (Pa. Super. 2017) ("Pursuant to the policies underlying the doctrines of *res judicata*, collateral estoppel, and law of the case, Plaintiffs should not now be entitled to a second chance to litigate their tort claims before a different tribunal."). Similarly, Appellant is not entitled to a second chance to show that the Orphans' Court erred in denying his surcharge claims. Our prior decision affirmed the Orphans' Court, and we will not now revisit that decision. Appellant's second claim thus does not entitle him to relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/22/2023